LAW OFFICES OF GARY W. GORSKI
8549 Nephi Way
Fair Oaks, CA  95628
Telephone:    (916) 965-6800
Facsimile:      (916) 965-6801
usrugby@pacbell.net
www.gwgorski.com
GARY W. GORSKI - CBN:  166526
Attorney for Plaintiff

Co-Counsel
DANIEL M. KARALASH - SBN: 176422
(916) 787-1234
(916) 787-0267

THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID K. MEHL; LOK T. LAU; FRANK FLORES<br><br>    Plaintiffs,<br><br>vs.<br><br>LOU BLANAS, individually and in his official capacity as SHERIFF OF COUNTY OF SACRAMENTO; COUNTY OF SACRAMENTO, SHERIFF'S DEPARTMENT; COUNTY OF SACRAMENTO; BILL LOCKYER Attorney General, State of California; RANDI ROSSI, State Firearms Director and Custodian of Records.<br>              Defendants | CASE NO.: CIV S 03 2682 MCE/KJM<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION TO DISMISS FOR LACK OF PROSECUTION**<br><br>2/6/2006<br>09:00 AM<br>Courtroom 3 |

## INTRODUCTION

On Monday, January 23, 2006 in U.S. Supreme Court Case number 05-365 SEEGARS, SANDRA, ET AL. V. GONZALES, ATT'Y GEN., ET AL. The petition for a writ of certiorari was denied.  This case was sponsored by the NRA, and second case (*Parker*), is still pending, and that case is being prosecuted by Professor Levy of Georgetown University.  Both of these cases are Second Amendment cases which are directly related to the legal issues in this case.

Exhibit "A" attached to the Ms. Papone declaration is correct, but what is lacking is the telephone communication right afterwards of October 4, 2004 whereby she stated that it would take awhile to gather all the CCW records, and that she would get back to Plaintiff's counsel on those records.

Based upon the declaration of Gary W. Gorski, there is no failure to prosecute, but there

1.

is delay with County in complying with the discovery plan – after all, Defendants are the custodians of the records Plaintiffs require to prosecute the action.

## CONCLUSION

In conclusion, Defendants have failed to prove a delay and prejudice due to Defendants unclean hands.

Respectfully submitted,<br>
LAW OFFICES OF GARY W. GORSKI

DATED:	January 23, 2006		/s/ Gary W. Gorski
					GARY W. GORSKI,
					Attorney for Plaintiffs

**DECLARATION OF GARY W. GORSKI**

1. I am the attorney for Plaintiff in this case, and my co-counsel is Mr. Dan Karalash.
2. The information contained herein is of my own personal knowledge.
3. A day or two after I emailed the discovery plan for the case, I had a phone conversation with Ms. Jeri Pappone who advised me that it would take some time to obtain all the CCW records, understandably so. Therefore, I did not push the issue.
4. Secondly, I was also aware that a status schedule had not been set, and further aware that two Second Amendment cases were working their way to the Supreme Court.
5. On Monday, January 23, 2006 in U.S. Supreme Court Case number 05-365 SEEGARS, SANDRA, ET AL. V. GONZALES, ATT'Y GEN., ET AL. The petition for a writ of certiorari was denied. This case was sponsored by the NRA, and second case (Parker), is still pending, and that case is being prosecuted by Professor Levy of Georgetown University. Both of these cases are Second Amendment cases and that a ruling by the Supreme Court would have a direct and immediate impact on the issues before this court as the last Second Amendment case decided was U.S. v. Miller, in 1935, and that case did not deal with the incorporation issue under the 14th.
6. Hence, aware that these two cases were pending, and that the County needed ample time to collect the data set forth in the discovery plan, and the fact that a pre-trial order had not been issued, Plaintiff was waiting for the data requested in the discovery plan and a ruling from the Supreme Court.
7. The real issue is why has the County not produced a single document, including my client's own CCW applications as of this time? Any delay, can truly be attributed to the County. The County never sought to obtain a pre-trial order or trial date, but instead, without producing a single document, they asked that the case be dismissed. That was offensive, and a reply was not necessary.
8. Thus, Exhibit "A" attached to the Papone declaration is correct, but what is lacking is our telephone communication after October 4, 2004 whereby she stated that it would take "some time" to gather all the CCW records, and that she would get back to me on those

1 | records.
2 | 9. The County has all the records I need to prosecute my case, and a favorable ruling from
3 | the Supreme Court would surely benefit my clients – hence, since the County was sitting
4 | around doing nothing, my clients benefitted from their delay in that a ruling by the
5 | Supreme may inevitably occur in the *Parker* case.
6 | 10. There was no lack of prosecution, but rather, the Defendants delay in producing the
7 | documents that caused the delay.
8 | I declare under the penalty of perjury that the above information is true and correct.
9 | Executed in County of Sacramento, January 23, 2006.

                              <u>Gary W. Gorski /s/</u>
                              Gary W. Gorski

**CERTIFICATE OF SERVICE**

I, the undersigned, declare as follows:

I am a citizen of the United States, over the age of 18 years and not a party to the within action; my business address is 8549 Nephi Way, Fair Oaks, CA 95628

On January 23, 2006, I faxed and personally served the attached by depositing with the US mail service a true copy thereof to the persons named below at the address(es) shown in a sealed envelop with postage thereon fully prepaid in the designated area for outgoing mail.

JOHN LAVRA, ESQ.
LONGYEAR, O'DEA & LAVRA
3620 AMERICAN RIVER DRIVE, SUITE 230
SACRAMENTO, CA 95864-0770
FAX (916) 974-8510

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct and that this is a declaration executed on January 23, 2006, at Fair Oaks, California.

/s/ Gary W. Gorski
Gary W. Gorski

5.