LONGYEAR, O'DEA & LAVRA, LLP

3620 American River Drive, Suite 230
Sacramento, California 95864-5923

Tel: 916-974-8500 Fax: 916 974-8510

John A. Lavra, CSB No. 114533
Jeri L. Pappone, CSB No. 210104

Attorneys for Defendants, LOU BLANAS, as SHERIFF OF COUNTY OF SACRAMENTO; COUNTY OF SACRAMENTO, SHERIFF'S DEPARTMENT; COUNTY OF SACRAMENTO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID K. MEHL, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LOU BLANAS, individually and in his ) <br> official capacity as SHERIFF OF ) <br> COUNTY OF SACRAMENTO; ) <br> COUNTY OF SACRAMENTO, ) <br> SHERIFF'S DEPARTMENT; ) <br> COUNTY OF SACRAMENTO; ) <br> BILL LOCKYER, Attorney General, ) <br> State of California; ) <br> RANDI ROSSI, State Firearms Director ) <br> and Custodian of Records ) <br> ) <br> Defendants ) <br> ) <br> _____ ) | **CASE NO.:   CIV S-03 -2682 MCE KJM** <br><br> Date: February 6, 2006 <br> Time: 9:00 a.m. <br> Ctrm:  3 <br> Judge: England <br><br> **DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS** |

    Defendants herein submit the following Reply to Plaintiff's untimely opposition to Defendants' Motion to Dismiss.

    Plaintiffs' opposition to the motion to dismiss was filed and served late according to the Eastern District Local Rules. According to Local Rule 78-230(c), an opposition to a motion is to be served seventeen (17) days preceding the scheduled hearing date when served by electronic service or mailing. The hearing date for this motion is February 6, 2006. Therefore, Plaintiffs' opposition was to be served on or before January 20, 2006. Plaintiffs' opposition was filed and served by facsimile and electronic filing on January 24, 2006, and is therefor untimely.

Local Rule 78-230(c) also states that, "No party will be entitled to be heard in opposition to a motion at oral argument if opposition to the motion has not been timely filed." Therefore, Defendants request that not only should Plaintiffs' counsel be denied oral argument, but that this court rule as if Plaintiffs had not responded to the motion to dismiss.

Additionally, Plaintiff has no justification for the inactivity for over a year in this case. Defendants received no requests for production of documents, nor follow-up from Plaintiffs which would ordinarily be expected if discovery responses were pending. There was no telephone call later on October 4, 2004, after the initial e-mail from Plaintiffs' counsel, but a responsive e-mail, which was included in the Exhibit A to the Declaration of Defense counsel. Nor, as stated in the motion, was there any contact by Plaintiffs' counsel for over a year. Again, defense counsel did try to contact Plaintiffs' counsel during the dormant period, and got no response from Plaintiffs' counsel. And, only now, since the current motion to dismiss has been filed, has Plaintiffs' counsel responded, albeit late.

Finally, Plaintiffs' counsel's assertion that the pendency of other cases elsewhere in the United States regarding Second Amendment issues justifies the lack of activity or response in this case, is no excuse for failure to diligently proceed with a pending action. If Plaintiffs felt that a stay of the current litigation was appropriate in light of other cases being decided, such a motion should have been filed. But, instead, contacts made by Defense counsel in May and June of 2005, were ignored. Defense counsel should not be charged with moving this case along.

On December 22, 2005, following the filing of this motion, the court issued an order that a joint status conference report be filed. Defense counsel, again waited to hear from Plaintiffs' counsel. After no contact by Plaintiffs' counsel regarding the preparation of the joint status report, on January 25, 2006, Defense counsel again initiated contact with Plaintiffs' counsel by way of faxed correspondence. Plaintiffs' counsel has finally made his first contact since

LONGYEAR, O'DEA & LAVRA, LLP
3620 American River Drive, Suite 230
Sacramento, CA 95864
(916) 974-8500

Reply to Plaintiffs' Opposition to Motion to Dismiss

Page 2

October of 2004.

Therefore, based on the above, and the moving papers, Defendants request that this court grant their motion to dismiss as over time, memories have diminished, documents may or may not be available, and Defendants have surely been prejudiced by the unwarranted delay..

Respectfully submitted,

Dated: January 30, 2006.                    LONGYEAR, O'DEA & LAVRA, LLP


By:   /s/ Jeri L. Pappone
     JOHN A. LAVRA
     JERI L. PAPPONE
     Attorneys for Defendants

LONGYEAR, O'DEA & LAVRA, LLP
3620 American River Drive, Suite 230
Sacramento, CA 95864
(916) 974-8500

Reply to Plaintiffs' Opposition to Motion to Dismiss

Page 3