Longyear, O'Dea & Lavra, LLP

3620 American River Drive, Suite 230
Sacramento, California 95864-5923

Tel: 916-974-8500 Fax: 916 974-8510

John A. Lavra, CSB No. 114533
Jeri L. Pappone, CSB No. 210104

Attorneys for Defendants, LOU BLANAS, as SHERIFF OF COUNTY OF SACRAMENTO; COUNTY OF SACRAMENTO, SHERIFF'S DEPARTMENT; COUNTY OF SACRAMENTO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID K. MEHL, LOK T. LAU, and FRANK FLORES,<br><br>  Plaintiffs,<br><br>vs.<br><br>LOU BLANAS, individually and in his official capacity as SHERIFF OF COUNTY OF SACRAMENTO; COUNTY OF SACRAMENTO, SHERIFF'S DEPARTMENT; COUNTY OF SACRAMENTO; BILL LOCKYER, Attorney General, State of California; RANDI ROSSI, State Firearms Director and Custodian of Records<br><br>  Defendants | CASE NO.:   CIV S-03 -2682 MCE KJM<br><br>**PROTECTIVE ORDER FOR DISCOVERY**<br><br>(with Court's modifications shown in underline/strikeout format) |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and it appearing that discovery in this action will involve the disclosure of confidential information, it is hereby ordered that the following Protective Order be entered to give effect to the terms and conditions set forth below:

1. "Designating Party" means any one of the Parties producing Documents or information under this Protective Order.

2. "Document" or "Documents" shall have the broadest meaning permitted under Rules 26 and 34 of the Federal Rules of Civil Procedure, Rule 1001 of the Federal Rules of Evidence, and relevant case law.

3. "Protected Information" includes the following categories of information, and shall include Documents produced during discovery, answers to interrogatories, responses to requests for admissions, depositions, ~~hearing or trial transcripts,~~ and tangible things, the information contained therein, and all copies, abstracts, excerpts, analyses, or other writings that contain, reflect, or disclose such information, <u>provided however that it does not include documents to be filed with the Court in recognition of the Court's role in determining whether or not documents will be approved for filing under seal</u>.

    A. Confidential information is information that a Designating Party reasonably believes to be confidential due to safety or security reasons and that is not readily available to the public. In addition, confidential information includes information the disclosure of which is likely to result in imminent or substantial endangerment to a private individual or County of Sacramento employee.

    ~~[B. Information which may be redacted with respect to applications for CCW permits includes: (I) Driver's License numbers; (ii) social security numbers; (iii) date of birth; and (iv) place of birth. The age of the applicant will remain on the application.]~~[1]

    <u>B</u>~~C~~. Confidential information may be contained in one or more of the following categories:

        I. CCW applications;

        ii. personnel documents; and

        iii. investigation documents.

---

[1] The court's deletion of proposed optional paragraph 3.B. recognizes that this protective order governs the parties' practices during discovery. To the extent documents produced during discovery are the subject of court filings, they are subject to the local rules regarding redaction and requests to seal. <u>See</u> Local Rules 39-140 & 39-141.

LONGYEAR, O'DEA & LAVRA, LLP
3620 American River Drive, Suite 230
Sacramento, CA 95864
(916) 974-8500

PROTECTIVE ORDER

Page 2

1    C~~D~~.    Protected Information shall not include: (I) information that is in the
2 public domain at the time of disclosure; (ii) information that after disclosure is published or
3 becomes part of the public domain through no fault or action (in whole or in part) of any Party
4 receiving information under this Protective Order, but only after it is published or comes into the
5 public domain; (iii) information that is in the possession of a Party receiving such information
6 without any confidentiality obligations at the time of disclosure; or (iv) information disclosed by
7 a third party.

8    4.    This Protective Order shall apply to all Protected Information exchanged by any
9 Party, including, without limitation, Documents, things, other discovery materials, depositions,
10 testimony, or other papers produced, filed, generated, or served by a party in this litigation.

11    5.    All Protected Information produced and designated as confidential hereunder
12 shall have stamped or affixed in the margin of each page that contains Protected Information,
13 "**PRODUCED IN <u>MEHL V. BLANAS</u>, CASE NO. <u>CIV-S-03-2682 (E.D. CAL.)</u>**," at the time
14 such materials, or copies thereof, are delivered to the receiving party, or within ten (10) calendar
15 days thereafter in the event such labeling or marking is inadvertently omitted. Until ten (10)
16 calendar days have elapsed after receipt, the reviewing party will treat Documents and things
17 that have been received and that have not been so designated, as if they had been designated as
18 such at the time produced.  All designated documents shall be produced subject to
19 **ATTORNEYS' AND EXPERT'S EYES ONLY**.  The parties will use due care to designate as
20 Protected Information only Documents or other materials that truly encompass such information.

21    6.    Protected Information may be disclosed only to the following:
22    A.    Counsel for the receiving party;
23    B.    Experts who are requested by counsel of the receiving party to furnish
24 expert services in connection with this litigation.

25    7.    No Protected Information shall be provided to any counsel until counsel has been
26 provided with a copy of this Protective Order, reviewed it, and signed the Certification

27

LONGYEAR, O'DEA
& LAVRA, LLP
3620 American River
Drive, Suite 230
Sacramento, CA
95864
(916) 974-8500

28

PROTECTIVE ORDER

Page 3

"Attachment A" to the Protective Order.

8. No Protected Information shall be provided to any person covered by subpart B, of Paragraph 6 above until ten (10) calendar days after the following have been provided to the opposing party: (a) a written identification of the person, and (b) a signed Certification from the person in the form of "Attachment A" of this Protective Order. If, within five (5) calendar days of receipt of written identification and Certification, a party objects in writing to such expert, or other person, having access to any Protected Information, the expert or other person shall be barred from such access until the parties are able to reach an agreement to resolve the issue or upon further order of the Court.

9. Designations of Discovery

A. Depositions (or portions thereof) may be designated as Protected Information in accordance with this Order: (a) in the course of the deposition, orally on the record; or (b) by notifying the other party in writing, within ten (10) calendar days of receipt of the transcript by both parties, of the pages and lines of the transcript that contain the Protected Information.

B. Answers to interrogatories and requests for admission may also be designated confidential by marking the Documents in a manner described in Paragraph 5 of this Order.

C. Notwithstanding Paragraph 6 above, other persons may be shown a specific item of "Protected Information" of the producing party if such persons are identified in that specific item, or on any attachment thereto, as being the author or subject of the document, or as having previously received a copy of an exact duplicate of said specific item.

10. Compliance With Eastern District Local Rule 39-141

A. All deposition transcripts, exhibits, answers to interrogatories, and other Documents that have previously been designated by a party as comprising or containing Protected Information, or any pleading, brief, or memorandum purporting to reproduce or

LONGYEAR, O'DEA & LAVRA, LLP
3620 American River Drive, Suite 230
Sacramento, CA 95864
(916) 974-8500

PROTECTIVE ORDER

Page 4

paraphrase such material, shall be <u>provided to the Court in camera in connection with a request to seal filed</u> <s>lodged with the Court for filing</s> in accordance with Local Rule 39-141.

   B. The confidential portions of Documents and things that are accepted for filing under seal by the Court shall be treated in accordance with Local Rule 39-141.

  11. If the receiving party disagrees with the confidential or redacted status of any Document or other material, the receiving party will notify and confer with the producing party to request reclassification of the Document or material. If no agreement has been reached within ten (10) calendar days of such notification or a later date if agreed to in writing by the parties, the receiving party may thereafter make a request of the Court for an order reclassifying the confidentiality designation and/or removing such Document or other material from the restrictions of this Order. If such a request is made, the party seeking to maintain a confidentiality classification bears the burden of establishing that the restrictions of this Order apply to such Protected Information.

  12. Privileged Information

   A. Nothing in this Protective Order shall in and of itself require disclosure of information that is protected by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, nor does it result in any party giving up its right to argue that otherwise privileged documents must be produced due to waiver or for any other reason.

   B. In the event any party claims that it has inadvertently disclosed information subject to the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, it shall, upon discovery of the inadvertent disclosure, promptly notify the opposing party thereof. Immediately upon receiving such notice, counsel for the party who received the allegedly inadvertently-disclosed privileged information shall sequester all identified information (including any and all copies) in its offices until the matter has been resolved either by agreement of the parties or by an order of this Court. With respect to the application of any claim of privilege or immunity for inadvertently produced materials, if the

LONGYEAR, O'DEA
& LAVRA, LLP
3620 American River
Drive, Suite 230
Sacramento, CA
95864
(916) 974-8500

PROTECTIVE ORDER

Page 5

1 parties are unable to reach a satisfactory agreement as to the return and/or use of such
2 Documents within ten (10) calendar days of such notice, the producing party may, within ten
3 (10) calendar days thereafter, petition the Court on an expedited basis to resolve the matter. If
4 the party alleging an inadvertent disclosure makes an adequate showing, reasonable under the
5 circumstances, of both inadvertence and privilege, the Court shall order all such information
6 returned to the party who inadvertently produced them. The period of time that elapses while a
7 party follows the procedures set forth in this Paragraph 12 for resolving any inadvertent
8 disclosure dispute shall not be considered as a factor in deciding whether a party's delay in
9 attending to the inadvertent disclosure was unreasonable under the circumstances.

10       13.    If Protected Information produced in accordance with this Order is disclosed to
11 any person other than in the manner authorized by this Order, the party responsible for the
12 disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention
13 of all counsel of record and, without prejudice to other rights and remedies available to the
14 producing party, make every effort to obtain the return of the disclosed Protected Information
15 and prevent further disclosure of it by the person who was the recipient of such information.

16       14.    Unless otherwise agreed or ordered by the Court, within ninety (90) calendar days
17 after the termination of this Action, including any and all appeals therefrom, attorneys for the
18 receiving party **shall return** all Protected Information marked "Produced in <u>Mehl v. Blanas,</u>
19 Case No. <u>CIV-S-</u>03-2683 <u>(E.D. Cal.)</u>" received from the producing party, as well as any copies
20 thereof, to the producing party. Prompt written notice shall be given to a party who produced
21 Protected Information hereunder if that party's Protected Information is sought by any person
22 not a party to this litigation, by subpoena in another action, or by service with any legal process.
23 Any person seeking such Protected Information who takes action to enforce such subpoena or
24 other legal process shall be apprised of this Order.

25       15.    This Order may be changed only by the written agreement of the parties or further
26 order of the Court, and is without prejudice to the rights of a party to seek relief from or

27

LONGYEAR, O'DEA
& LAVRA, LLP
3620 American River
Drive, Suite 230
Sacramento, CA
95864
(916) 974-8500

28

PROTECTIVE ORDER

Page 6

1 variation of any of its provisions.

2     16.    Subject to Paragraphs 13 and 14 above, the remaining provisions of this Order, including the obligations to maintain confidentiality embodied herein, shall survive the final disposition of this litigation and continue in full force and effect.  The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

**IT IS SO ORDERED**:

Dated:  December 11, 2006.

_____
U.S. MAGISTRATE JUDGE

LONGYEAR, O'DEA
& LAVRA, LLP
3620 American River
Drive, Suite 230
Sacramento, CA
95864
(916) 974-8500

PROTECTIVE ORDER

Page 7

# **ATTACHMENT A**

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in <u>Mehl, et al. v. Lou Blanas, et al.</u>, United States District Court for the Eastern District of California, Civil Action No. 03-2682, and hereby agree to comply with and be bound by the terms and conditions of said Order, unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated:_____

_____

LONGYEAR, O'DEA & LAVRA, LLP
3620 American River Drive, Suite 230
Sacramento, CA 95864
(916) 974-8500

PROTECTIVE ORDER

Page 8