1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11  DAVID K. MEHL, et al.              No. 2:03-cv-2682-MCE-KJM

12            Plaintiffs,

13       v.                           ORDER ON REQUEST FOR
                                      RECONSIDERATION
14  LOU BLANAS,individually and
    in his official capacity as
15  SHERIFF OF COUNTY OF
    SACRAMENTO, et al.,
16
              Defendants.
17
                          ----oo0oo----
18

19       Through the present action, Plaintiffs David K. Mehl, *et al.*

20  ("Plaintiffs") allege Defendants Blanas *et al.* ("Defendants")

21  violated the United States Constitution's guarantees of equal

22  protection and freedom of association; the privileges and

23  immunities clause of the Fourteenth Amendment; the "right to self

24  preservation" Plaintiffs argue is guaranteed by the Ninth

25  Amendment; and the right to keep and bear arms guaranteed by the

26  Second and Fourteenth Amendments.  Plaintiffs seek relief

27  pursuant to 42 U.S.C. § 1983.

28  ///

                                   1

1   Plaintiffs allege that Defendants have sole discretion in

2   the issuance of permits to carry concealed weapons ("CCWs")

3   within the County of Sacramento, California.   Plaintiffs further

4   allege that Defendants maintained a longstanding practice of

5   issuing CCWs to persons who donated money to the Craig, Blanas,

6   and McGinnis campaigns for Sheriff of Sacramento County.   In

7   addition according to Plaintiffs, Defendants simultaneously were

8   denying CCWs to deserving applicants who did not contribute

9   campaign funds.   Plaintiffs also argue that California Penal Code

10  sections 12027, 12031(b), and 12050-12054 are unconstitutional

11  because they give preference to judges and honorably retired

12  peace officers in the issuance of CCWs.

13  Now before the Court is Defendants' Motion for

14  Reconsideration of a December 1, 2006 Order issued by Magistrate

15  Judge Kimberly J. Mueller (hereinafter "Magistrate Judge").   For

16  the reasons set forth below, Defendants' Motion to Reconsider is

17  granted.[1]

18

19                            **BACKGROUND**

20

21  Plaintiffs David K. Mehl, *et al.* are persons who applied for

22  a CCW in the County of Sacramento, followed the procedure set

23  forth by the Sheriff's Department, and were denied.   Defendant

24  Blanas is the former Sheriff of Sacramento County.

25  ///

26

27      [1] Because oral argument will not be of material assistance,
    the Court orders this matter submitted on the briefs.   E.D. Cal.
28  Local Rule 78-230(h).

                                  2

Also named Defendants in this action are the County of Sacramento and its Sheriff's Department.

Defendants seek modification of the Magistrate Judge's December 1, 2006 Order ("the Order") regarding a discovery dispute between the Parties.[2]  The Order was issued after a lengthy dispute between the parties over their respective responsibilities in the discovery process.  The Order resolves some of the disputed issues and requires the parties to submit a revised proposed protective order to govern other parts of the discovery process.  Defendants ask the Court to modify those parts of the Order that require production of CCW applications and related confidential documents to Plaintiffs: (1) without removal of the home address, social security number, and other sensitive information of current or former judges, district attorneys and police officers; (2) without removal of information that would identify times and places the applicants would be vulnerable to attack; (3) without removal of information that could be used for identity theft; and (4) without a watermark that was included to prevent the unauthorized re-distribution of the confidential information contained in the CCW applications.

///

///

///

---

[2] The Court previously notified the parties on the record that Judge England currently holds a permit to carry a concealed weapon issued by the Sacramento County Sheriff's Department. This fact has no bearing on the Court's decision in this matter and neither party has requested Judge England recuse himself from this case.

1   Defendants also ask the Court to reconsider those portions of the
2   Magistrate Judge's Order that require further responses to
3   Plaintiffs' Interrogatory Eight and Request for Production of
4   Document Twenty-Eight.

5   Also before the Court is Plaintiffs' Motion to Strike Defendants'
6   Request to Reconsider on ground that the Request does not meet
7   the requirements of the Local Rules.  Because Plaintiffs' Motion
8   to Strike is potentially dispositive, the Court will address it
9   first.

**STANDARD**

13      In reviewing a magistrate judge's determination, the
14  assigned judge shall apply the "clearly erroneous or contrary to
15  law" standard of review set forth in Local Rule 72-303(f), as
16  specifically authorized by Federal Rule of Civil Procedure 72(a)
17  and 28 U.S.C. § 636(b)(1)(A).[3]  Under this standard, the Court
18  must accept the Magistrate Judge's decision unless it has a
19  "definite and firm conviction that a mistake has been committed."
20  *Concrete Pipe & Products of Cal., Inc. v. Constr. Laborers*
21  *Pension Trust for So. Cal.*, 508 U.S. 602, 622 (1993).

22  ///
23  ///
24  ///

_____

[3] Federal Rule of Civil Procedure 72(a) directs the district
court judge to "modify or set aside any portion of the magistrate
judge's order found to be clearly erroneous or contrary to law."
Similarly, 28 U.S.C. § 636(b)(1)(A), the district judge may
reconsider any pretrial order "where it is shown that the
magistrate's order is clearly erroneous or contrary to law."

4

If the Court believes the conclusions reached by the Magistrate
Judge were at least plausible, after considering the record in
its entirety, the Court will not reverse even if convinced that
it would have weighed the evidence differently.  *Phoenix Eng. &*
*Supply Inc. v. Universal Elec. Co., Inc.*, 104 F.3d 1137, 1141
(9th Cir. 1997).

**ANALYSIS**

**1.  Plaintiffs' Motion to Strike**

     In response to Defendants' request, Plaintiffs filed a
Motion to Strike on the ground that the request does not comply
with Eastern District Local Rule 78-230(k) and it therefore,
"must be stricken as it is just another delay tactic."  Pls.'
Mot. to Strike (12/11/2006) at 2.  Plaintiffs failed to notice
that Rule 78-230 applies when a District Court is called upon to
reconsider its own decision in a matter.  Rule 78-230 has no
application where, as here, a District Court is asked to
reconsider an order by a magistrate judge.  E.D. Cal. Local Rule
72-303(e).  Accordingly, the requirements of Rule 78-230 do not
apply in the instant case and Plaintiffs' Motion to Strike is
denied.
///
///
///
///
///

**2.   Production of Documents containing Judicial and Law Enforcement Confidential Information**

The Federal Rules of Civil Procedure provide that a court may make any order limiting discovery which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). A party must show good cause for a protective order. *Id.* For good cause to exist, the party seeking protection from public disclosure of documents and information produced during discovery bears the burden of showing that specific prejudice or harm will result if no protective order is granted. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). Under Rule 26(c), "[i]f a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Id.* at 1211.

Defendants first request reconsideration of the Magistrate Judge's Order denying Defendants' Motion for a Protective Order authorizing Defendants to remove the home address, home telephone number, Social security number and other sensitive information of persons who are or have been judges, district attorneys, peace officers, or other persons employed in the criminal justice system.

Defendants argue that removal of the information is necessary for the safety of these persons and is consistent with state law exempting this information from public disclosure. Cal. Gov't Code § 6254(u)(2).

6

Plaintiffs respond that they need this information in order to locate and depose possible witnesses, and to determine which of these persons were both political donors and CCW applicants. They point out that the Magistrate Judge's Order restricts the information's use to attorneys' and experts' eyes only.

*A.   Specific Prejudice or Harm*

Defendants urge this Court to modify the instant order to ensure that sensitive information about criminal justice personnel is removed by the Defendants for the safety of those applicants.   Defendants point out that this information is privileged from disclosure to the public pursuant to California Government Code section 6254(u).   Defendants correctly contend that the statute evidences California's recognition of the applicant's interest in maintaining the confidentiality of this information.

Defendants argue that the release of this sensitive information, even under the Magistrate Judge's Order, could lead to its ultimate disclosure to the public.   Given the advent of the internet, were this information disclosed to the public, it would likely become widely available to anyone with a home computer.   Disgruntled former litigants and arrestees could thus locate the information.   Disclosure of this information threatens to subject judicial and law enforcement officers to heightened risk of attacks upon themselves or their families at their place of residence and elsewhere.

*///*

This threat implicates the very reason that this sensitive information is exempt from public disclosure under California law; to prevent these public servants and their families from suffering a retaliatory attack because of their constant contact with California's most violent, uncontrollable, and unpredictable residents.

Disclosure of this information also endangers the security of numerous highly sensitive computer systems. Dates and places of birth, social security numbers, and mother's maiden names are precisely the kind of information that many high-security systems use to verify the identity of authorized users. From personal bank accounts to sensitive criminal justice computer systems, disclosure of this information threatens to provide access to a variety of secure systems. Accordingly, Defendants have met their burden of demonstrating a specific harm from public disclosure exists in this case. It is of note that this harm is to numerous persons who are not even parties to this litigation.

*B. Balancing the Interests*

Having found a specific harm, the Court must now turn to balancing the interests involved to determine if a protective order is necessary. The interests of the non-litigants whose information is to be disclosed is discussed above and must be balanced with the interest of the Plaintiffs and any other interests in this disclosure.

///
///

8

1    Plaintiffs' counsel responds to the interests of the non-
2 litigants above by asserting that they can be trusted to prevent
3 disclosure of this information to the public pursuant to the
4 Magistrate Judge's Order.  Additionally, they allege they need
5 the information to determine which CCWs were given as political
6 kickbacks, and to contact or serve those persons whom they
7 suspect were improperly given CCWs.

8    In an effort to accommodate Plaintiffs' asserted interest in
9 obtaining the sensitive personal information of all 3,000 CCW
10 applicants, Defendants have offered to forward process to
11 applicants that Plaintiffs seek to contact and notify them that
12 failure to respond to Plaintiffs' requests will result in
13 disclosure of home address, phone number, and other personal
14 information to Plaintiffs' counsel.

15    Plaintiffs cite *CBS., Inc. v. Block* to assert that all of
16 these records are open to public inspection and public disclosure
17 regardless of the presence of the aforementioned confidential
18 information.  42 Cal. 3d 646 (1986).  Plaintiffs' reliance on *CBS*
19 is misplaced.  There, the court held that "any information on the
20 applications and licenses that indicate times or places when the
21 licensee is vulnerable to attack may be deleted." *Id.* at 653.
22 The *CBS* court recognized that the right to public inspection of
23 these documents is subject to the rights of privacy and safety of
24 the applicants.  The *CBS* court acknowledged the interest the
25 public has in ensuring that CCWs are issued impartially, but it
26 did not address the question of the home address and other
27 sensitive information of public servants in the criminal justice
28 setting.

9

1    Moreover, recent experience shows that documents produced in
2    the course of litigation may well end up in the hands of the
3    public.  Whether these disclosures are made accidentally, by
4    staff with access to an attorney's files, or by an attorney
5    seeking to use public pressure as a litigation tool is of no
6    moment to the affected non-litigants.

7    As drafted, the Magistrate Judge's Order provides disclosure
8    of this information for "attorney's and expert's eyes only."  The
9    only safeguard preventing widespread public disclosure of this
10   sensitive personal information is the assurance of Plaintiffs'
11   counsel.  The Court does not doubt Plaintiffs' counsel's
12   sincerity.  However, balancing the interests involved, the Court
13   finds that a protective order is necessary.  The applicants'
14   interest in privacy and the security of their persons and
15   families requires a more stringent safeguard than the assurance
16   of any one litigant.

17   For the reasons stated above, after considering the record
18   in its entirety the Court has a definite and firm conviction that
19   the Magistrate Judge does not go far enough to provide adequate
20   safeguards to prevent the public disclosure of information which
21   could endanger the lives of judicial and law enforcement
22   personnel.  Accordingly, the Court hereby grants Defendants'
23   Motion for a Protective Order.

24   Defendants may remove the home address and phone number,
25   social security number, date and place of birth, mother's maiden
26   name, and other sensitive information from the confidential
27   documents relating to applications for CCWs submitted by current
28   or former law enforcement and judicial personnel.

10

1  Defendants are ordered to include in the place of any removed

2  material, "(REMOVED BY DEFENDANTS)."   Additionally, Defendants

3  are ordered to receive and forward process from the Plaintiff to

4  any persons whose sensitive information has been removed.

5  Defendants are to forward the process to the home address of

6  those persons affected with written notification that failure to

7  respond will result in revelation of the applicants address to

8  Plaintiffs' counsel.

9       Plaintiffs may, for good cause, move for disclosure of

10 redacted information on an applicant by applicant basis.   The

11 Court must narrowly tailor discovery in this case to balance the

12 Plaintiffs' interest in developing their civil suit against the

13 paramount interest each member of the judicial and law

14 enforcement community has in preventing a retaliatory attack by

15 vigilantly guarding the location where they live and other

16 information that could facilitate physical harm to them or their

17 families.

18

19 **3.    Production of Information That Would Reveal Vulnerability**

20

21      Defendants next request that the Court reconsider the

22 Magistrate Judge's denial of Defendants' Motion for a Protective

23 Order permitting the removal of information revealing the times

24 and/or places that a CCW applicant may be vulnerable to attack.

25 Defendants' request is governed by Federal Rule of Civil

26 Procedure 26(c) and the standards set forth in section 2 of this

27 Order.

28 ///

1    Defendants again stress the relationship of this information

2  to the safety of CCW applicants.  As a part of the application

3  process, applicants are required to reveal the circumstances

4  which create a need for a CCW.  In doing so, applicants are

5  likely to reveal information such as times and places where they

6  transport large sums of money from a business to a bank, or the

7  fact that they travel alone at night in a remote area and have

8  been subject to stalking, domestic violence, or other serious

9  threats of victimization.

10    In the case of a businessperson, disclosure to the public of

11  the times and places when they regularly transport the proceeds

12  of their business would create an opportunity for an

13  exceptionally lucrative robbery and the ensuing temptation to

14  actually rob the applicant.  In the case of a stalking or repeat

15  domestic violence victim, revelation of times or places of

16  vulnerability could lead the applicant's tormentor to a long

17  sought-after opportunity to confront the applicant alone.  In

18  either case, avoiding just such a confrontation and possible

19  tragedy is both the reason the applicant sought a CCW and the

20  reason they have a powerful interest in keeping that information

21  strictly confidential.

22    As stated above in section 2, the internet's ability to make

23  this information widely available and easily found further

24  aggravates the potential harm from disclosure of this

25  information.  California has also recognized these persons'

26  interest in the confidentiality of this information, both

27  statutorily and in case law.  Cal. Gov't Code § 6254(u)(1); *CBS*,

28  42 Cal. 3d at 653.

1   Defendants have again identified a specific harm to non-litigants

2   if this information were disclosed to the public.

3       The Court must now balance the interests involved in order

4   to determine if a protective order is necessary.  Plaintiffs

5   assert that they need this information to independently review

6   the adequacy of the grounds for the issuance of each and every

7   one of the 3000 CCW applications involved.  Further they argue

8   that the Magistrate Judge's Order adequately protects the non-

9   litigants' interest.

10      Balancing the interests involved, the Court finds that a

11  protective order is necessary.  Plaintiffs' interest is

12  adequately served by other exhaustive discovery in this

13  litigation which does not intrude upon the privacy and security

14  interests of non-litigants as severely as disclosure of this

15  information would.

16      For the reasons set forth above, after considering the

17  record in its entirety the Court has a definite and firm

18  conviction that the Magistrate Judge did not go far enough to

19  provide adequate by not granting Defendants' request for

20  permission to remove information that will reveal the

21  vulnerability to attack of persons who have applied for a CCW.

22  Accordingly, the Court hereby grants Defendants' Motion for

23  Protective Order.  Defendants may remove such information from

24  the CCW applications and related documents disclosed to

25  Plaintiffs.  As with sensitive law enforcement and judicial

26  information, Defendants' are to include in the place of any

27  removed material, "(REMOVED BY DEFENDANTS)."

28  ///

13

Plaintiffs may, for good cause, move for disclosure of redacted information on an applicant by applicant basis.

**4.    Production of Information that Could Lead to Identity Theft**

Defendants next request that the Court reconsider the Magistrate Judge's denial of Defendants' Motion for Protective Order permitting the removal of information that could lead to identity theft including social security numbers, driver's license numbers, and dates and places of birth.  This request is spererate and different from Defendants' request regarding Judical and Law Enforcement information in section 2 of this Order.  Here, Defendants seek to remove information from applications that belong to laypersons.  As above, Defendants' request is governed by Federal Rule of Civil Procedure 26(c) and the standards set forth in section 2 of this Order.

Defendants argue that public disclosure of this information creates the risk of subjecting these non-litigants to identity theft.  The applications may include social security numbers, dates and places of birth, and mother's maiden names.  Public disclosure of this information subjects lay applicants to a heightened risk of fraud if it becomes public.  Given the prevalence of identity theft and its far-reaching impact on its victims, Defendants have met their burden of demonstrating a specific harm from public disclosure of this information.

///

///

///

14

1    Accordingly, the Court must now balance the interests to
2  determine if a protective order is necessary.  Plaintiffs argue
3  that they need this information to locate, contact, and depose
4  potential witnesses in this case.  They further argue that this
5  data is necessary in order to compare the list of persons and
6  entities which have donated to the Craig, Blanas, and McGinnis
7  campaigns for Sheriff with the list of persons granted CCWs.
8  However, Defendants are not seeking to remove the address or
9  phone number of persons on the donor lists.  This should provide
10 Plaintiffs with the information they need to locate and contact
11 any potential witnesses in this case.  Additionally, removal of
12 social security numbers and other identifying information may
13 cause Plaintiffs to expend more effort in identifying CCW
14 applicants whose companies have donated to the relevant political
15 campaigns, but other discovery in this action will permit them to
16 make such a comparison and to investigate any corporate donations
17 leading to personal benefits.  Plaintiffs' actual interest in the
18 information is in convenience in comparing donor lists to CCW
19 applicants.  Balancing the interests involved, the Court finds
20 that a protective order is necessary.

21    For the reasons set forth above, after considering the
22 record in its entirety the Court once again finds that the
23 Magistrate Judge did not go far enough to provide adequate by not
24 granting Defendants' request for permission to remove information
25 that will expose CCW applicants to the threat of identity theft
26 if disclosed to the public.  Accordingly, the Court hereby grants
27 Defendants' Motion for Protective Order.
28 ///

15

Defendants may remove such information from the CCW applications
and related documents disclosed to Plaintiffs.  Defendants' are
to include in the place of any removed material, "(REMOVED BY
DEFENDANTS)."  Plaintiffs may again, for good cause, move for
disclosure of redacted information on an applicant by applicant
basis.

**5.   Watermark To Ensure Compliance With Confidentiality Order**

Defendants also seek to include a substantial watermark
designed to prevent the unlawful reproduction and redistribution
of the confidential CCW applications and related documents
provided to Plaintiffs.  Pursuant to the Magistrate Judge's
Order, all such documents produced in the course of this
litigation are for attorneys' and experts' eyes only.  Neither
party has challenged this limitation on the use of these
materials.  The Magistrate Judge ordered the watermark removed
and in its place required a marginal notation of the case number.
Because Defendants are again seeking a Protective Order, this
request is also governed by Federal Rule of Civil Procedure 26(c)
and the standards set forth in section 2 of this Order.

Defendants argue that even the redacted versions of these
documents possess information about CCW applicants that is
confidential including home addresses, weapons owned, names of
current and former family members, and medical and psychiatric
histories.

///

///

1   Further, they point out that because of the sheer volume of
2   applications and related documents, it is likely that some
3   information ordered removed will still accidentally be disclosed
4   as part of these documents.  Moreover, the Defendants urge that
5   the marginal notation mandated by the Magistrate Judge could
6   easily be removed by anyone with a photocopier.  As a result,
7   Defendants contend it does not adequately ensure that these
8   documents will not be disseminated to persons outside of the
9   litigation.  As discussed above, Defendants have demonstrated
10  several specific harms that will result if this information is
11  distributed to the public including the invasion of the
12  applicants' privacy and threats to their security.

13      Plaintiffs argue that inclusion of the watermark makes it
14  difficult to read the documents.  Having reviewed a sample of the
15  proposed watermark, the Court finds it has no impact on the
16  readability of the text in the documents.  Because it is printed
17  in a hollow letter style, the ability to read the underlying text
18  is unaffected.  Balancing the interests involved, the Court finds
19  that a protective order is necessary.

20       For the reasons set forth above, after considering the
21  record in its entirety the Court grants Defendants' request for a
22  Protective Order to include a substantial watermark to prevent a
23  violation of the Order limiting the persons who may view them.
24  Defendants may include the watermark they proposed (Gorski – Do
25  Not Duplicate) in the font, size, and location indicated in
26  Exhibit A to Defendant's Request for Reconsideration on all CCW
27  applications and related confidential documents.
28  ///

Plaintiffs may move for disclosure of any information obscured by the watermark in the unlikely event it should occur.

**6.    Plaintiffs' Interrogatory Eight**

Defendants also request the Court reconsider that portion of the Magistrate Judge's order that requires Defendants to respond to Plaintiffs' Interrogatory Eight ("Interrogatory Eight"). Defendants object to Interrogatory Eight on ground that answering would involve comparing the information on 3000 applications for CCWs, an unknown number of personnel records of Sheriff's Department volunteers and reservists, and approximately 800 pages of campaign contribution documents.  Defendants correctly point out that the Federal Rules of Civil Procedure provide that a party subject to such a request is not required to perform compilation of data or statistics where the answers are within documents provided and the propounding party is equally able to make such a compilation.  FRCP 33(d).  However, Defendants are required to answer based upon personal knowledge and that information which is available to them.  FRCP 33(a).  Moreover, Plaintiffs point out that several parts of Interrogatory Eight request information that is not contained in any documents that have been produced to Plaintiffs, such as unreported campaign loans that were subsequently forgiven and names of persons who formerly held the position of Honorary Deputy Sheriff.

///

///

///

18

For the sake of clarity and to avoid further needless waste of the Court's time, Defendants' response to Interrogatory Eight shall comply with the following mandates of Federal Rule of Civil Procedure 33: (1) Defendant Blanas is to answer all of the sub-parts of Interrogatory Eight to the best of his personal knowledge; (2) where the information sought by Interrogatory Eight is known to employees of the Sheriff's Department, contained within files maintained by the Sheriff's Department, or is otherwise available to Defendants, they shall locate and disclose the information; (3) where the information sought by Interrogatory Eight is contained in records produced to the Plaintiffs and the answer requires compilation that would be equally burdensome to either party, Defendants shall so state and shall specify which documents contain the information.

**7.   Request for Document Twenty-Eight**

Defendants last request reconsideration of those portions of the Magistrate Judge's Order that require Defendants to produce the disciplinary records of the deputy sheriffs involved in arresting a CCW holder and political donor.  The material is to be produced pursuant to a protective order to be proposed by the parties.  Defendants argue that discovery of the material contained within the files invades the privacy rights of the non-litigant deputies involved and is over-broad because it seeks information not relevant to the litigation.

///

///

Because the relevance inquiry will shape the interests involved in the discovery, the Court will begin with the relevance of the material requested.

"Relevance for purposes of discovery is defined very broadly." *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998); *See Hickman v. Taylor*, 329 U.S. 495, 504-507 (1947). To prove their claim under 42 U.S.C. § 1983, Plaintiffs seek to establish a constitutional violation pursuant to a longstanding practice or custom. *See Trevino v. Gates,* 99 F.3d 911, 918 (9th Cir 1996). Specifically, Plaintiffs seek to prove that there has been a longstanding practice of issuing CCWs to political donors and denying them to deserving persons who did not contribute to the Craig, Blanas, and McGinnis campaigns.

Plaintiffs have produced a Sheriff's Department report of the arrest of James Colafrancesco ("the Report") for the rude or threatening display of a firearm. Pls.' Ex. F.   The Report indicates that during the course of the arrest, deputies discovered that Mr. Colafrancesco possessed an official "Honorary Deputy" badge, a Sacramento County Sheriff's Department identification card signed by Sheriff Glenn Craig, and CCW signed by Sheriff Craig. Pls.' Ex. F at 2-4.   Upon inquiry as to why he possessed the credentials and CCW, Colafrancesco indicated that they were given to him in return for his status as a "major contributor of Lou Blanas and Glen Craig." Pls.' Ex. F at 2, 4. Colafrancesco indicated that his occupation was contractor and claimed no law enforcement duties related to his possession of official Sheriff's Department identification, badge, and CCW. ///

20

Throughout the detention and arrest, Colafrancesco requested the
arresting Deputy contact Undersheriff Blanas and other high
ranking Sheriff's Department officials to, "sweep this under the
rug."  Pl.'s Ex. F at 4.  In an act of even-handed enforcement
without fear or favor, the deputy refused to contact high ranking
officials within his own department to solicit their
interference, despite Colafrancesco's alleged political
connections to Blanas and Craig.  *Id.*  According to Plaintiffs,
rather than praise the deputy for his scrupulous adherence to his
oath, Defendants immediately transferred him to a much less
desirable position guarding low-security inmates at the Rio
Cosumnes Correctional Center in Elk Grove.  Pls.' Opp'n at 44.
Plaintiffs contend that the disciplinary transfer was in
retaliation for the deputy's failure to give appropriate
deference to a political donor to Blanas and Craig.  *Id.*

The material sought to be discovered pursuant to Request
for Document Twenty-Eight is relevant to this claim in several
ways: (1) Defendants' alleged disciplinary transfer of the deputy
involved and any other subsequent adverse employment action lends
further weight to Colafrancesco's revelations of political
corruption and *quid pro quo* issuance of CCWs and official
Sheriff's Department identification and badges; (2) Defendants'
disciplinary transfer of the deputy supports Colafranceso's claim
that Blanas and other high-ranking Sheriff's Department officials
allegedly knew of and were involved in the corruption.

///

///

///

It demonstrates that they actively worked to conceal the corruption by punishing subordinates who took actions that negatively affected Defendants' ability to continue and conceal the corruption.  The material is highly relevant to Plaintiffs' claims of a longstanding practice of *quid pro quo* issuance of CCWs to political donors to the Craig, Blanas, and McGinnis campaigns in violation of the Fourteenth Amendment to the United States Constitution.

Having found the material at issue highly relevant to the core of Plaintiffs claim, the Court now turns to the question of confidentiality.

> Federal common law recognizes a qualified privilege for official information.  Government personnel files are considered official information.  To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages.  If the latter is greater, the privilege bars discovery.

*Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990) (internal citations omitted).

As in *Sanchez,* Plaintiffs seek discovery of information contained in the law enforcement personnel files of persons not parties to the instant litigation.  As described above, the Plaintiffs have a substantial interest in discovery of this information.  Discovery of this information also implicates the interests of all citizens: exposing and ending political corruption by the elected leaders of local law enforcement is in the interest of everyone living in Sacramento County.

Defendants point out that the deputy in question is a non-litigant with a weighty privacy interest in avoiding disclosure of his confidential personnel records.

22

1  Defendants correctly point out that California Penal Code section
2  832.7, California Evidence Code section 1043, and 5 U.S.C. §
3  552(b)(6) all demonstrate the legitimacy of non-litigants'
4  interest in maintaining the privacy of personnel records which
5  include personal information about the non-litigant that is
6  unrelated to this case.  The Ninth Circuit has also recognized
7  this important interest, specifically in the context of law
8  enforcement personnel files.  *Sanchez,* 936 F.2d at 1033.

9      Balancing the potential benefits of disclosure against the
10 potential disadvantages, the disadvantages are outweighed,
11 particularly in light of the Court's ability, as discussed below,
12 to craft a protective order that can minimize the impact on the
13 non-litigants' interests.  Accordingly, the information is not
14 privileged and is discoverable.

15     As with the private law enforcement and judicial information
16 discussed in section 2 of this Order, the contents of law
17 enforcement personnel files may include the home address, social
18 security number, and other information that could subject the
19 deputy or his family to a retaliatory attack at his residence.
20 Additionally, the files may contain financial, medical, and other
21 information about the deputy that is private, potentially
22 embarrassing, and not relevant to this litigation.  Disclosure of
23 those materials to the public would constitute a specific harm to
24 the non-litigant if this information is disclosed to the public.
25 Accordingly, the Court must balance the public and private
26 interests to determine if a protective order is necessary.
27 ///
28 ///

As mentioned above, the public interest in this case is weighty.  Revelation and eradication of public corruption is an absolute necessity in a free society.  However, as explored above, the non-litigant's interest in privacy and security is also strong.  Balancing the interests involved, the Court finds a protective order is necessary in order to accommodate both of these important interests.

Defendants are hereby ordered to produce, for *in camera* review, all personnel records relating to the deputy or deputies involved in the Colafrancesco incident.  The Magistrate Judge can then determine what portions of the personnel records are relevant to this action and thus discoverable, and what portions are irrelevant or include confidential personal information that is not to be released to Plaintiffs or their counsel.

**CONCLUSION**

For the reasons set for above the Defendants Motion for Reconsideration is granted.

IT IS SO ORDERED.

Dated: March 27, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

24