UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID K. MEHL; LOK T. LAU;
FRANK FLORES,

        Plaintiffs,

    v.

LOU BLANAS, individually and
in his official capacity as
SHERIFF OF COUNTY OF
SACRAMENTO; et al.,

        Defendants.

No. 2:03-cv-2682-MCE-KJM

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

The Court has received and reviewed Plaintiffs' "<u>Ex Parte</u> Application for An Order Extending Time to File Opposition to Defendants' Motion for Summary Judgment and the Need for Discovery Is the Basis for Denial of the Motion," filed on October 26, 2007, and Defendants' opposition thereto. For the following reasons, Plaintiffs' application is DENIED.

///

///

1

1 | Plaintiffs request, under Local Rules 6-144 and 56-260(b),
2 | "an additional four (6) [sic] month extension of time to oppose
3 | Defendants' Motion for Summary Judgement and to conduct
4 | discovery."  The crux of Plaintiffs' application is that
5 | Defendants, in supporting their Motion for Summary Judgment,
6 | submitted declarations from witnesses who were not previously
7 | disclosed to Plaintiffs and therefore Plaintiffs need additional
8 | time to depose these witnesses and conduct any additional
9 | discovery related thereto.
10 | "[E]x parte applications for extension of time will not
11 | ordinarily be granted."  L.R. 6-144(c).  The ex parte application
12 | must explain the reasons why a stipulation to extend time cannot
13 | be obtained, as well as the reasons why an extension is
14 | necessary.  Id.  The granting or denial of such an application is
15 | left to the Court's discretion.  Id.
16 | "If need for discovery is asserted as a basis for denial of
17 | the motion [for summary judgment], the party opposing the motion
18 | shall provide a specification of the particular facts on which
19 | discovery is to be had or the issues on which discovery is
20 | necessary."  L.R. 56-260.
21 | Pursuant to the Pretrial Scheduling Order, discovery was to
22 | conclude on April 9, 2007.  The parties stipulated to extend the
23 | discovery deadline to August 15, 2007 and to extend the date by
24 | which dispositive motions be heard until February 15, 2008.
25 | ///
26 | ///
27 | ///
28 | ///

Therefore, Plaintiff's request for an additional four or six months to conduct additional discovery and oppose the Motion for Summary Judgment would also require an amendment of the Pretrial Scheduling Order to accommodate full briefing. A Pretrial Scheduling Order shall only be modified upon a showing of good cause. Fed. R. Civ. Proc. 16(b).

Plaintiffs' <u>ex parte</u> application fails to meet any of the above requirements. This Court finds that Plaintiff was put on notice, through documents and answers to special interrogatories, of some or all of the witnesses who submitted declarations in support of Defendants' Motion for Summary Judgment. Plaintiffs made no attempt to depose or seek discovery from <u>any</u> of these individuals prior to the close of discovery. Plaintiffs made a strategic decision not to depose these witnesses. The fact that Plaintiffs now realize these witnesses have relevant information is not good cause to amend the scheduling order, nor does it explain why an extension is necessary, nor does it support denial of the Motion for Summary Judgment on the basis that more discovery is necessary. Finally, to the extent Plaintiffs' application is based on inadequate discovery responses, those matters should have been dealt with by way of a motion to compel prior to the close of discovery.

Plaintiffs also assert the trial schedule of associated counsel as a basis for granting an extension to oppose the Motion for Summary Judgment. Mr. Gorski states in his affidavit that Mr. Karalash is unable to assist Mr. Gorksi in opposing the motion because of Mr. Karalash's trial schedule.

///

3

1  Aside from the fact that this statement is unsubstantiated
2  hearsay, this Court finds that an attorney's workload is not a
3  sufficient basis to grant an extension to oppose a properly-filed
4  Motion for Summary Judgment.
5      Accordingly, Plaintiff's <u>ex</u> <u>parte</u> application is DENIED.
6      IT IS SO ORDERED.

Dated: October 31, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4