LAW OFFICES OF GARY W. GORSKI
8549 Nephi Way
Fair Oaks, CA  95628
Telephone:     (916) 965-6800
Facsimile:     (916) 965-6801
usrugby@pacbell.net
www.gwgorski.com
GARY W. GORSKI - CBN:  166526
Attorney for Plaintiff

Co-Counsel
DANIEL M. KARALASH - SBN: 176422
(916) 787-1234
(916) 787-0267

THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID K. MEHL; LOK T. LAU; FRANK FLORES<br>　　　　Plaintiffs,<br><br>vs.<br><br>LOU BLANAS, individually and in his official capacity as SHERIFF OF COUNTY OF SACRAMENTO; COUNTY OF SACRAMENTO, SHERIFF'S DEPARTMENT; COUNTY OF SACRAMENTO; BILL LOCKYER Attorney General, State of California; RANDI ROSSI, State Firearms Director and Custodian of Records.<br>　　　　Defendants | CASE NO.: CIV S 03 2682 MCE/KJM<br><br>**DECLARATION OF DAVID MEHL** |

　　　　I, Dave Mehl, declare as follows:

　　　　1. I am a Plaintiff in the above entitled case, and an competent to testify to the facts contained herein.  The facts herein are of my own personal knowledge.

　　　　2. I am 41 years of age, I was born raised and raised in Sacramento County and resided in the area my entire life (i.e. Sacramento, El Dorado Hills, Marysville, Roseville, Davis).  I have never contributed to any politician regarding any election.

　　　　3. At the time I twice applied for a CCW with Sacramento County, I resided in Sacramento County.

　　　　4. I applied for a CCW permit for the Sacramento County Sheriff's Department twice, and paid approximately $20 to $25 per application.  Each time, my check was cashed and the

1  money was never returned to me.

2     5. I completed the application twice, once in 2002 and the other in 2003, per the written
3  instructions in the application. One of these applications is attached to the Declaration of Stephen
4  F. Cotta, Docket 129-9, pages 4 through 32.  Page 32 has the last letter I received on or after
5  March 4, 2004.  Both times, I submitted the application with filing the requisite fee.  Each time,
6  the checks were cashed, and the funds were not returned.

7     6. Each time I submitted the application, I received a rejection letter.

8     7. Each time I submitted the application, no one contacted me to prepare the application
9  per the instructions.

10    8. Each time I submitted the application, no one called or wrote me to scheduled an
11 appointment with me to fill out the application in front of an "investigator" to prepare the
12 application per the instructions.

13    9. One time, I believe it was my second application, I receive my original application
14 form without filing fee, returned to me with a "sticky note" on it indicating that the application
15 was incomplete.

16    10. The sticky note was unsigned and undated.  I was unsure if it was even necessarily
17 directed to me as I had completed the application per the written instructions.  The only sections
18 uncompleted were those that state explicitly that a Sheriff's department investigator are to
19 complete, but more importantly, that portion of the application that I did not fill out says
20 "Investigator Interview Notes", which tells me that the investigator was suppose to fill this in.

21    11. I was never contacted by any Sheriff's department official to finish the application
22 process either in writing, person, or by phone, as I specifically demanded per the application
23 processing requirements for the application to be completed in front of a "investigator."

24    12. I wrote two letters dated July 25, 2002, and July 30, 2002, which is part of my
25 application file, pointing out the above, both letters are attached to the Declaration of Cotta as an
26 exhibit, and those letters were prepared by me and served by me on the addressees stated in those
27 letters.

28    13. The only "official" contact I received were letters denying my application.

14. I am a citizen in good standing, who has never been arrested.

15. In my professional career as UC Davis graduate (B.S. Chemical Engineering) working for County and State governments processing government form applications, I have processed thousands of applications for permits and certifications regarding technical air quality issues. The standards for issuance of said permits and certifications come from rules and regulations promulgated by boards and the EPA and statutes enacted at both the state and federal level.

16. In processing applications, if there is a deficiency in any application a signed letter is sent on the organization's letterhead indicating what information is missing and how an applicant can complete the process. Only after all information required to make a complete review is submitted is a determination made as to whether or not to issue a permit. Until such a time as all pertinent information is submitted the application is "pending."

17. At no time is an application returned to an applicant. In doing so, the "paper trail" is broken and the chain-of-custody of the application process is suspect. Here, they sent my "original" application back to me, but had already cashed my check.

18. In fact, it was I who produced the "sticky" note, and Defendants had no record of that document as well.

I declare under the penalty of perjury that the above facts are correct.

11-2-2007               /s/ David Mehl (Original Signature on File with Attorney)

14. I am a citizen in good standing, who has never been arrested.

15. In my professional career as UC Davis graduate (B.S. Chemical Engineering) working for County and State governments processing government form applications, I have processed thousands of applications for permits and certifications regarding technical air quality issues. The standards for issuance of said permits and certifications come from rules and regulations promulgated by boards and the EPA and statutes enacted at both the state and federal level.

16. In processing applications, if there is a deficiency in any application a signed letter is sent on the organization's letterhead indicating what information is missing and how an applicant can complete the process. Only after all information required to make a complete review is submitted is a determination made as to whether or not to issue a permit. Until such a time as all pertinent information is submitted the application is "pending."

17. At no time is an application returned to an applicant. In doing so, the "paper trail" is broken and the chain-of-custody of the application process is suspect. Here, they sent my "original" application back to me, but had already cashed my check.

18. In fact, it was I who produced the "sticky" note, and Defendants had no record of that document as well.

I declare under the penalty of perjury that the above facts are correct.

11-2-2007        /s/ David Mehl (Original Signature on File with Attorney)

3.