LAW OFFICES OF GARY W. GORSKI
8549 Nephi Way
Fair Oaks, CA 95628
Telephone: (916) 965-6800
Facsimile: (916) 965-6801
usrugby@pacbell.net
www.gwgorski.com
GARY W. GORSKI - CBN: 166526
Attorney for Plaintiff

Co-Counsel
DANIEL M. KARALASH - SBN: 176422
(916) 787-1234
(916) 787-0267

THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID K. MEHL; LOK T. LAU; FRANK FLORES<br>        Plaintiffs,<br><br>vs.<br><br>LOU BLANAS, individually and in his official capacity as SHERIFF OF COUNTY OF SACRAMENTO; COUNTY OF SACRAMENTO, SHERIFF'S DEPARTMENT; COUNTY OF SACRAMENTO; BILL LOCKYER Attorney General, State of California; RANDI ROSSI, State Firearms Director and Custodian of Records.<br>        Defendants | CASE NO.: CIV S 03 2682 MCE/KJM<br><br>**PLAINTIFFS' ADDITIONAL MATERIAL FACTS IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND COUNTER MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 78-230(e)**<br><br>Date: November 16, 2007<br>Time: 9:00 a.m.<br>Ctrm: 3<br>Judge: Honorable Morrison C. England, Jr. |

| | | |
|---|---|---|
| 1 | 1. The Sacramento County Sheriff's Department's has a standard process for the submission and review of Carry Concealed Weapon ("CCW") permit applications, the issuance or denial of permits, and the process for an applicant to appeal the initial denial of an application. | 1. Disputed. Twomey Decl. ¶ **21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O". |
| 2 | 2. This process, which had been in place for many years, and was in place during the time Plaintiffs Mehl and Lau applied to the department for CCW permits in 2002-2004. | 2. Disputed. Twomey Decl. ¶ **21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O". |
| 3 | 3. The CCW permit application process includes an initial review of the applications submitted to the Special Investigations and Intelligence Bureau ("SIIB") of the Sheriff's Department, by the Detective assigned to SIIB. | 3. Disputed. Twomey Decl. ¶ **21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O". |
| 4 | 4. When an application is received by SIIB, the standard practice of the Sheriff's Department is for the Detective to review the application, run a criminal records check on the applicant, and if additional information is needed to complete the application, to contact the applicant either by telephone call or correspondence to obtain any additional information if necessary. | 4. Disputed. Twomey Decl. ¶ **21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O". See response to **ONE** above, |
| 5 | 5. Once an application was complete, the application package is submitted to a three-person committee for review and determination of approval or denial. | 5. Disputed. Twomey Exh. "G"; Twomey Decl. ¶ *88-99*, **198-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O". |
| 6 | 6. The reviewing committee was comprised of three persons (which at no time included the sitting Sheriff), who reviewed application packages submitted by individuals who wanted to obtain a permit to carry a concealed weapon. | 6.Disputed. Twomey Exh. "G"; Twomey Decl. ¶ *88-99*, **198-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O". |
| 7 | 7. Generally the committee is comprised of two Captains and a Chief Deputy. | 7. Disputed. Twomey Exh. "G"; Twomey Decl. ¶ *88-99*, **198-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O". |
| 8 | 8. If an application is approved upon | 8. Disputed. Twomey Exh. "G"; Twomey |

| | |
|---|---|
| committee review, the applicant is notified by mail, and requested to submit fingerprints for a Department of Justice ("DOJ") clearance. | Decl. ¶ *88-99,* **197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O". |
| 9. Once clearance by the DOJ is received, the applicant is also required to submit proof to SIIB that he has qualified with his weapon(s) at an approved shooting range. | 9. Disputed. Twomey Exh. "G"; Twomey Decl. ¶ *88-99,* **197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O". |
| 10. If all parameters are met, a permit is then issued by the Department. | 10. Disputed. Twomey Exh. "G"; Twomey Decl. ¶ *88-99,* **197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O". |
| 11. If an application is denied by the committee, the applicant is notified by mail of the denial and also informed that the denial may be appealed. | 11. Disputed. Twomey Exh. "G"; Twomey Decl. ¶ *88-99,* **197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O". |
| 12. Upon appeal, an applicant may submit additional information to the officer handling appeals. | 12. Disputed. Twomey Exh. "G"; Twomey Decl. ¶ *88-99,* **197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O". |
| 13. This appeals officer is not a member of the three-person committee, but an administrative officer assigned to conduct these appeals as a part of his duties. | 13. Disputed. Twomey Exh. "G"; Twomey Decl. ¶ *88-99,* **197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O". |
| 14. The appeals officer reviews all materials in the original application as well as any additional information submitted by the applicant on appeal. | 14. Disputed. Twomey Exh. "G"; Twomey Decl. ¶ *88-99,* **197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O". |
| 15. A personal interview with the applicant is also conducted by the appeals officer. | 15. Undisputed. |
| 16. After an independent review of all the information received, the appeals officer makes a separate determination of whether to grant or deny a CCW permit to the applicant. | 16. Disputed. Lau Decl ¶6, 11-14 Twomey Exh. "G"; Twomey Decl. ¶ *88-99,* **197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O". |
| 17. The applicant is thereafter notified by mail of the appeals officer's decision. | 17. Undisputed. |
| | 18. Disputed. Twomey Exhs. "G" and "E", |

| | | |
|---|---|---|
| 1 | 18. Neither Sheriff Blanas nor Sheriff Craig requested any special consideration for the issuance of a permit to any individual by the Evaluation Committee, never attended the meetings during which the permits were evaluated, nor provided any information to committee Members or reviewing staff concerning whether any applicant underevaluation by the Committee was a campaign contributor, friend, or business associate of the Sheriff. | commencing at page 1,; Twomey Decl. ¶ **88-99, 197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O". |
| | 19. In reviewing applications for CCW permits, the only issue the Committee considered was whether appropriate grounds existed pursuant to which the Department would, in its discretion and pursuant to the California Penal Code, issue a CCW permit to the applicant. | 19. Disputed. Twomey Exhs. "G" and "E", commencing at page 1; Twomey Decl. ¶ **88-99, 197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O". |
| | 20. Plaintiff David K. Mehl submitted his CCW permit application in July of 2002. | 20. Undisputed. |
| | 21. His application was reviewed pursuant to the standard practice of the Department as described above. | 21. Disputed. Twomey Exhs. "G" and "E", commencing at page 1,; Twomey Decl. ¶ **88-99, 197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O". |
| | 22. Mr. Mehl's application was incomplete as it did not include a statement from him of his justification for the permit as is required by the California Penal Code. | 22. Disputed. Mehl Decl. ¶ 5-18; Pl. Exh. "B", Wong Depo. 17:12-25 thru 18:1-8; Twomey Decl. ¶s 123, 124, 217. |
| | 23. There was no statement from Mr. Mehl describing the reasons why he felt he needed a permit to carry a concealed weapon. | 23. Undisputed, but with clarification that the interviewer was to provide the statement, not Mr. Mehl. Mehl. Decl. ¶ 5-18; Pl. Exh. "B", Wong Depo. 17:12-25 thru 18:1-8; Twomey Decl. ¶s 123, 124, 217. |
| | 24. The policy of the Sheriff's Department consistent with the requirements of the California Penal Code, is that applicants provide information explaining why they feel they need a license to carry a concealed weapon. | 24. Disputed. Twomey Exhs. "G" and "E", commencing at page 1,; Twomey Decl. ¶ **88-99, 197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O"; see also Mehl Decl. ¶ 5-18; Pl. Exh. "B", Wong Depo. 17:12-25 thru 18:1-8; Twomey Decl. ¶s 123, 124, 217. |
| | 25. Mr. Mehl's application did not have this information and so it was sent back to him to complete and return. | 25. Disputed. Mehl Decl. 7-13. |
| | 26. After the application was sent back to Mr. | 26. Disputed. Mehl Decl. 7-13. |

| | |
|---|---|
| Mehl, Mr. Mehl still did not provide information to the Department regarding his justification for requesting the permit. | |
| 27. Initially his application was returned to him with a simple request to complete the application and return it to the Department. | 27. Disputed. Mehl Decl. ¶7-13. |
| 28. Mr. Mehl then sent two letters to the Department declining to fill out the portion of the application which calls for the justification for the permit, as he felt that was not consistent with the form instructions that come with the application package. | 28. Disputed. Mehl Decl. ¶7-13. |
| 29. Mr. Mehl in his letters explained that he felt that Part 7 under the caption of "Investigator's Notes" was to be filled out by the Department upon interviewing him, and that he was not required, per the instructions to fill out that portion of the application. | 29. Disputed. Mehl Decl. ¶7-13. Twomey Decl. ¶ 122-124, 270, 280 |
| 30. In response to those letters, On August 1, 2002, Chief Denham wrote to Mr.Mehl asking that he provide his justification for issuance of the CCW permit, and agreed to waive the filing fee. | 30. Disputed. Mehl Decl. ¶7-13. Twomey Decl. ¶ 122-124, 270, 280 |
| 31. Chief Denham informed Mr. Mehl that the Department's practice was to require that the applicant provide in writing with the application package, a statement describing why the individual wanted a CCW permit. | 31. Disputed. Mehl Decl. ¶7-13. Twomey Decl. ¶ 122-124, 270, 280 |
| 32. Chief Denham told Mr. Mehl that if he would provide that information that the application would be considered. | 32. Disputed. Mehl Decl. ¶7-13. Twomey Decl. ¶ 122-124, 270, 280 |
| 33. Even after being requested by correspondence in 2002 to provide his justification for issuance of the CCW permit, Mr. Mehl never did so. | 33. Disputed. Mehl Decl. ¶7-13. Twomey Decl. ¶ 122-124, 270, 280 |
| 34. No response from Mr. Mehl was received by the Department following Chief Denham's letter of August 1, 2002. | 34. Disputed. Mehl Decl. ¶7-13. Twomey Decl. ¶ 122-124, 270, 280 |
| 35. Mr. Mehl's never completed his application by providing statements to the department regarding his justification for the permit. | 35. Disputed. Mehl Decl. ¶7-13. Twomey Decl. ¶ 122-124, 270, 280 |
| 36. He never provided any evidence or factual information at all as to whether he was threatened, needed to carry a gun for | 36. Disputed. Mehl Decl. ¶7-13. Twomey Decl. ¶ 122-124, 270, 280 |

| | | |
|---|---|---|
| 1 | self-defense, or any other information. | |
| 2 | 37. Consequently, no information was available upon which the Department could evaluate the application. | 37. Disputed. Mehl Decl. ¶7-13. Twomey Decl. ¶ 122-124, 270, 280 |
| 3 | | |
| 4 | 38. Without proper information the department had no choice but to deny the application. | 38. Disputed. Mehl Decl. ¶7-13. Twomey Decl. ¶ 122-124, 270, 280 |
| 5 | | |
| 6 | 39. That was the reason, and the only reason, the application was denied in 2002. | 39. Twomey Exhs. "G" and "E", commencing at page 1,; Twomey Decl. ¶ **88-99, 197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O"; see also Mehl Decl. ¶ 5-18; Pl. Exh. "B", Wong Depo. 17:12-25 thru 18:1-8; Twomey Decl. ¶s 123, 124, 217. |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | 40. Mr. Mehl then re-submitted the same application to the Department in 2003, again without any statement of his justification for the permit. | 40. Disputed. Mehl Decl. ¶7-13. Twomey Decl. ¶ 122-124, 270, 280 |
| 13 | | |
| 14 | 41. Mr. Mehl never conveyed to the Department or the Evaluation Committee his reasons for requesting a CCW permit. | 41. Disputed. Mehl Decl. ¶7-13. Twomey Decl. ¶ 122-124, 270, 280 |
| 15 | | |
| 16 | 42. Mr. Mehl's application was therefore incomplete, and was denied on that basis. | 42. Twomey Exhs. "G" and "E", commencing at page 1,; Twomey Decl. ¶ **88-99, 197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O"; see also Mehl Decl. ¶ 5-18; Pl. Exh. "B", Wong Depo. 17:12-25 thru 18:1-8; Twomey Decl. ¶s 123, 124, 217. |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | 43. Plaintiff Mehl does not believe he was denied a CCW License on account of his race or national origin. | 43. Undisputed. |
| 23 | | |
| 24 | 44. Lok T. Lau submitted his CCW permit application to the Sheriff's Department in August of 2003. | 44. Undisputed. |
| 25 | | |
| 26 | 45. His application was reviewed by Detective Stephen Bray pursuant to the standard practice of the Department as described above. | 45. Undisputed, except for the word "standard practice." Twomey Exhs. "G" and "E", commencing at page 1,; Twomey Decl. ¶ **88-99, 197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, |
| 27 | | |
| 28 | | |

| | |
|---|---|
| | and Twomey Exhibits "A through O"; see also Mehl Decl. ¶ 5-18; Pl. Exh. "B", Wong Depo . 17:12-25 thru 18:1-8; Twomey Decl. ¶s 123, 124, 217. |
| 46. Mr. Lau disclosed in his application and attachments that he had a pending lawsuit against his former employer, the FBI. | 46. Disputed in part. There was a single attachment with his application. Lau Decl. ¶9, 11 |
| 47. Mr. Lau also disclosed that he had been arrested for shoplifting twice, and that he was currently being treated for Post Traumatic Stress Disorder and Depression. | 47. Disputed. Lau Decl. ¶ 7, 9, 11. |
| 48. Mr. Lau's application was submitted to the Evaluation Committee, which at the time was comprised of Captain Bill Kelly, Captain James Cooper and Chief David Lind. | 48. Undisputed. Disputed. Lau Decl. ¶ 7, 9, 11. |
| 49. The Committee was informed by detective Steve Bray of Mr. Lau's two arrests, his lawsuit against his employer, and also the fact that Mr. Lau did not discuss any specific personal threats to his safety. | 49. Disputed. Lau Decl. ¶ 12-23 |
| 50. The committee reviewed all the materials presented by Mr. Lau in support of his application. | 50. Disputed. Lau Decl. ¶ 12-23 |
| 51. In addition, the committee reviewed Mr. Lau's criminal background along with the entire application file. | 51. Disputed. Lau Decl. ¶ 12-23 |
| 52. The Committee denied Mr. Lau's application, and as a result he was sent a letter on October 28, 2003, informing him of that denial, as well as informing him of his option to appeal the Committee's decision. | 52. UnDisputed. |
| 53. A unanimous determination was made to deny his application based upon the many issues raised in his application file as described above. | 53. Disputed. Lau Decl. ¶ 2-24. |
| 54. The reasons included his involuntary termination from the FBI, his two convictions for shoplifting, as well as his ongoing treatment for Post Traumatic Stress Disorder and Depression. | 54. Disputed. Twomey Exhs. "G" and "E", commencing at page 1,; Twomey Decl. ¶ **88-99, 197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O"; see also Twomey Decl. ¶s 123, 124, 217. Lau Decl. ¶ 2-24. |
| 55. All three members of the committee agreed that it was inappropriate to issue Mr. | 55. Disputed. Twomey Exhs. "G" and "E", |

| | |
|---|---|
| Lau a concealed weapons permit based upon the information in his file. | commencing at page 1,; Twomey Decl. ¶ **88-99, 197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O"; see also Twomey Decl. ¶s 123, 124, 217. Lau Decl. ¶ 2-24. |
| 56. In about January of 2004, an appeal was filed by Mr. Lau of the initial denial of his application by the review committee. | 56. Undisputed. |
| 57. Chief C. Scott Harris, Jr., received Lok Lau's appeal of the denial of his application for a CCW permit. | 57. Undisputed. |
| 58. Chief Harris reviewed Mr. Lau's original application and the documents and correspondence submitted by Mr. Lau along with his appeal. | 58. Disputed. Lau Decl. ¶ 6, 18. |
| 59. It was Chief Harris' practice not to discuss an appeal with the Committee who had denied the permit, but to provide an independent review of the applicant's file. | 59. Disputed. Twomey Exhs. "G" and "E", commencing at page 1,; Twomey Decl. ¶ **88-99, 197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O"; see also Twomey Decl. ¶s 123, 124, 217. Lau Decl. ¶ 2-24. |
| 60. In addition, Chief Harris would not consult with others in the Department regarding any appeal which he was handling. | 60. Disputed. Twomey Exhs. "G" and "E", commencing at page 1,; Twomey Decl. ¶ **88-99, 197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O"; see also Twomey Decl. ¶s 123, 124, 217. Lau Decl. ¶ 2-24. |
| 61. In any review of a denial, there were times when the individual reviewing the appeals would over-rule the committee and grant the application, and other times when they would uphold a denial of an application. | 61. Twomey Exhs. "G" and "E", commencing at page 1,; Twomey Decl. ¶ **88-99, 197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O"; see also Twomey Decl. ¶s 123, 124, 217. Lau Decl. ¶ 2-24. |
| 62. After Chief Harris' review of an appeals file, he would make arrangements to personally meet with an appeals applicant, and he did so with Mr. Lau. | 62. Disputed that the appeal was reviewed. Lau Decl. ¶ 6. |
| 63. Chief Harris met with Mr. Lau in his office at 711 G Street to discuss his appeal in | 63. Undisputed. |

| | |
|---|---|
| about the end of January or beginning of February of 2004. | |
| 64. Mr. Lau presented as unusually nervous, drowsy, overly suspicious, and he also appeared to be somewhat paranoid. | 64. Disputed. Lau Decl. ¶ 2-24. |
| 65. When individuals who have been honorably retired or otherwise separated from a Federal or State law enforcement agency, such as the FBI, their employer, upon request from the former employee, provides a letter recommending that the former agent be issued a CCW permit. | 65. Disputed. Lau Decl. ¶ 22-23. |
| 66. Chief Harris asked Mr. Lau in that meeting why his previous employer, the FBI, had not supplied a letter approving his application for a CCW permit, as is customary for former law enforcement applicants. | 66. Disputed. Lau Decl. ¶ 6, 14-23. |
| 67. In this case, the FBI did not provide the letter, and Mr. Lau had no explanation as to why they did not. | 67. Disputed. Lau Decl. ¶ 6, 14-23. |
| 68. When asked why he felt he needed a CCW permit, Mr. Lau replied that he was concerned that there were still people around from his former days serving undercover for the FBI who would do him harm. | 68. Disputed. Lau Decl. ¶ 6, 14-23. |
| 69. Chief Harris confirmed with Mr. Lau that he was continuing to be treated for Post Traumatic Stress Disorder and Depression, as he had stated in his application, and that he was on various medications as a part of that treatment. | 69. Disputed. Lau Decl. ¶ 6, 14-23. |
| 70. As a result of Chief Harris' personal interview of Mr. Lau and the totality of his application package, Chief Harris determined that although there could have been factors in years past which may have made Mr. Lau vulnerable, there was no current threat to this safety. | 70. Disputed. Lau Decl. ¶ 6, 12-23. |
| 71. In addition, within Mr. Lau's application package, there was a letter from his former employer, the FBI, which indicated that the FBI had no knowledge or information indicating that Mr. Lau was under any threat due to his past employment activities with the FBI. | 71. Undisputed. |
| 72. Based upon the totality of the | 72. Disputed. Lau Decl. Para. 6, 14-23. |

| | |
|---|---|
| circumstances from the review of Mr. Lau's application package, including his discharge from the FBI, the absence of a letter from his former employer approving the issuance of a CCW permit, his shoplifting arrests and convictions, his lying to his employer regarding those arrests, the letter from the department of Justice/FBI regarding no threats to the safety of Mr. Lau from his previous employment, and Mr. Lau's general presentation and behavior at our meeting, as well as his on-going treatment and medications for psychiatric disorders, Mr. Lau's appeal was denied. | Twomey Exhs. "G" and "E", commencing at page 1,; Twomey Decl. ¶ **88-99, 197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O"; see also Twomey Decl. ¶s 123, 124, 217. Lau Decl. ¶ 2-24. |
| 73. According to Mr. Lau, at the time he applied for a CCW permit he was mentally disabled from depression, post traumatic stress disorder, sleep apnea, and was unable to work. | 73. Undisputed. |
| 74. In addition, Mr. Lau testified that at the time he applied for a CCW permit he as under the care of a doctor for depression, posttraumatic stress disorder, and sleep apnea, he was prescribed an antidepressant and anxiety medication, Fluoxetine. | 74. Undisputed. |
| 75. Chief Harris sent him a letter informing him of the denial on February 4, 2004. | 75. Undisputed. |
| 76. Chief Harris did not discuss Mr. Lau's application with anyone in the Sheriff's Department, but made an independent review. | 76. Disputed. Twomey Exhs. "G" and "E", commencing at page 1,; Twomey Decl. ¶ **88-99, 197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O"; see also Twomey Decl. ¶s 123, 124, 217. Lau Decl. ¶ 2-24. |
| 77. Further, in reviewing Mr. Lau's appeal, Chief Harris did not know whether or not Mr. Lau had any relationship with Sheriff Blanas, as a campaign contributor or otherwise. | 77. Disputed. Twomey Exhs. "G" and "E", commencing at page 1,; Twomey Decl. ¶ **88-99, 197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O"; see also Twomey Decl. ¶s 123, 124, 217. Lau Decl. ¶ 2-24. |
| 78. In deciding Mr. Lau's appeal, as with every applicant appeal, an individual assessment was made as to whether there existed appropriate grounds for him to carry concealed weapon. | 78. Disputed. Twomey Exhs. "G" and "E", commencing at page 1,; Twomey Decl. ¶ **88-99, 197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' |

| # | | |
|---|---|---|
| 1 | | additional Exhibits D through R, and Twomey Exhibits "A through O"; see also Twomey Decl. ¶s 123, 124, 217. Lau Decl. ¶ 2-24. |
| 2 | | |
| 3 | | |
| 4 | 79. During Sheriff Blanas' tenure as sheriff of Sacramento County, he had no knowledge of or involvement in the applications for CCW permits of Plaintiffs Lok T. Lau and David Mehl, and first heard of these applicants at the time of this lawsuit. | 79. Undisputed. |
| 7 | 80. While Sheriff Blanas was in office from 1999 through July of 2006, and had the authority by virtue of California Penal Code §12050 to issue CCW permits, he was approached by many personal friends and individuals who had contributed to his election campaign asking him to issue them CCW permits. | 80. Undisputed. |
| 12 | 81. Sheriff Blanas informed the individual that he would not approve them for a CCW permit and/or that they needed to show justification for the permit and proceed through the normal application process established by the Department for the issuance of those permits. | 81. Disputed. Twomey Exhs. "G" and "E", commencing at page 1,; Twomey Decl. ¶ **88-99, 197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O"; see also Twomey Decl. ¶s 123, 124, 217. Lau Decl. ¶ 2-24. |
| 17 | 82. In addition, during Sheriff Blanas' tenure, 229 applications for CCW permits for individuals who did not contribute to his campaign, were granted and issued CCW permits. | 82. Undisputed. |
| 20 | 83. Election campaign contributions was not a factor in the determination of the issuance of a CCW permit by the Sacramento county Sheriff's Department or by the sheriff. | 83. Disputed. The entire declaration of Timothy G. Twomey and exhibits thereto; Twomey Exhs. "G" and "E", commencing at page 1,; Twomey Decl. ¶ **88-99, 197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O"; see also Twomey Decl. ¶s 123, 124, 217. Lau Decl. ¶ 2-24. |
| 26 | 84. During the time Lou Blanas was chief Deputy for the Sacramento Sheriff's Department and served on the evaluations committee for the issuance of CCW permits, as well as during the time he was undersheriff, he never approved the issuance of, issued, or authorized the issuance of a | 84. Disputed. The entire declaration of Timothy G. Twomey and exhibits thereto; Twomey Exhs. "G" and "E", commencing at page 1,; Twomey Decl. ¶ **88-99, 197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' |

| | |
|---|---|
| CCW permit to any individual based upon their contribution to his or any other individual's political campaign, or due to any personal, financial or familial relationship with the applicant. | additional Exhibits D through R, and Twomey Exhibits "A through O"; see also Twomey Decl. ¶s 123, 124, 217. Lau Decl. ¶ 2-24. |
| 85. The process in effect while Lou Blanas was Sheriff was developed and established by Sheriff Craig in about 1996 or1997 through input from a 8-person Citizen Advisory Committee which included members from the community as well as Sheriff's Department Staff. | 85. Disputed. The entire declaration of Timothy G. Twomey and exhibits thereto; Twomey Exhs. "G" and "E", commencing at page 1,; Twomey Decl. ¶ **88-99, 197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O"; see also Twomey Decl. ¶s 123, 124, 217. Lau Decl. ¶ 2-24. |
| 86. The application procedure was designed to operate with initial review of the application by a SIIB Detective, followed byreview and approval or denial by a 3-person Sheriff's Department evaluation committee, which would not include the Sheriff. | 86. Disputed. The entire declaration of Timothy G. Twomey and exhibits thereto; Twomey Exhs. "G" and "E", commencing at page 1,; Twomey Decl. ¶ **88-99, 197-199, 21, 40, 45, 46, 78-80, 128-162**, 265-270, 273, 277, 298, 313, and generally 1-313; Deposition Exhibits 1-6; Plaintiffs' additional Exhibits D through R, and Twomey Exhibits "A through O"; see also Twomey Decl. ¶s 123, 124, 217. Lau Decl. ¶ 2-24. |
| 87. At the time Mr. Lau applied for hisCCW permit, he was suffering from PostTraumatic Stress Disorder and majordepression which affected his judgment. | 87. Disputed. Lau Decl. ¶ **19-20,** generally 7-20 |
| 88. In addition, as a result of his arrests for shoplifting, the FBI stripped Mr. Lau ofhis security clearance. | 88. Disputed. Besides Defendants own exhibits, Lau Decl. ¶ 2-24, and in particular, the fact that he now receives disability after the FBI fought him before five separate administrative law bodies, and lost. |
| 89. As a result of his suffering from sleep apnea while employed by the FBI, the FBI took away Mr. Lau's gun. | 89. Disputed. Lau Decl. ¶ 8. |
| 90. At the time he applied for a CCW permit, Mr. Lau informed the Sheriff's Department that his gun had been taken away from him and his security clearance stripped by the FBI. | 90. Disputed. Lau Decl. ¶ 2-24. |
| 91. Mr. Lau confirmed that neither during his application process nor during his appeal did he ever speak with Sheriff Blanas. | 91. UnDisputed. |
| 92. Even though Mr. Mehl was told that his | 92. Disputed. Mehl Decl. ¶7-13. Twomey |

| | |
|---|---|
| application was incomplete and was requested by the Sheriff's Department to do so, he never provided any information justifying a need to carry a concealed weapon. | Decl. ¶ 122-124, 270, 280 |
| 93. Mr. Mehl has no personal information that the denial of his application for a CCW permit was because he did not contribute to a Sheriff's political campaign. | 93. Undisputed as to personal first hand knowledge. |
| 94. Mr. Mehl also has no personal information or knowledge of the identity of anyone who received a CCW license in exchange for a campaign contribution. | 94. Undisputed as to personal first hand knowledge. |
| 95. Each and every permit issued or authorized to be issued by Lou Blanas at anytime, including the time during which he was Sheriff of the County of Sacramento and held the authority to issue CCW permits, was based upon the establishment of good cause as set forth in the California Penal Code and the criteria and policies of the Sacramento County Sheriff's Department. | 95. Disputed, see Twomey Exhibits "D" through "H", and compare what cause was listed on the approved versus denied applications, Twomey Declaration and Plaintiffs' Additional Material Facts. In particular, see Twomey Declaration 265-270, 112, 273, 277, 298, 313, and supporting facts for the opinions expressed. Lau Decl. ¶ 2-23; Rothery Decl. ¶ 2-19 |

DATED: November 22, 2007

Respectfully submitted,
LAW OFFICES OF GARY W. GORSKI

 /s/ Gary W. Gorski
GARY W. GORSKI,
Attorney for Plaintiffs

13.