L ONGYEAR, O'DEA & LAVRA, LLP

3620 American River Drive, Suite 230
Sacramento, California 95864-5923

Tel: 916-974-8500 Fax: 916 974-8510

John A. Lavra, CSB No. 114533
Jeri L. Pappone, CSB No. 210104

Attorneys for Defendants, LOU BLANAS, as SHERIFF OF COUNTY
OF SACRAMENTO; COUNTY OF SACRAMENTO,
SHERIFF'S DEPARTMENT; COUNTY OF SACRAMENTO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID K. MEHL, LOK T. LAU, and FRANK FLORES,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>LOU BLANAS, individually and in his official capacity as SHERIFF OF COUNTY OF SACRAMENTO; COUNTY OF SACRAMENTO, SHERIFF'S DEPARTMENT; COUNTY OF SACRAMENTO; BILL LOCKYER, Attorney General, State of California; RANDI ROSSI, State Firearms Director and Custodian of Records<br><br>　　　　　　　Defendants | CASE NO.:　CIV S-03 -2682 MCE KJM<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; OPPOSITION TO PLAINTIFFS' COUNTER MOTION**<br><br>Date:　December 7, 2007<br>Time:　9:00 a.m.<br>Ctrm:　3<br>Judge: Honorable Morrison C. England, Jr. |

　　　　DEFENDANTS' submit the following in Reply to Plaintiffs' Opposition to their Motion for Summary Judgment and in opposition to Plaintiffs' Counter-Motion.

## OPPOSITION TO PLAINTIFFS' COUNTER MOTION

　　　　Plaintiffs' counter motion for *judgment on the pleadings* is an attempt to persuade the court for the second time that certain California Penal Code sections, i.e. Sections 12027, 12031(b), 12050-12054, are unconstitutional.  Plaintiffs' basis for this position is the exemption

1    the California Penal Code makes for retired peace officers to carry concealed weapons by the

2    statute's presumption of "good cause" for those individuals.  Former law enforcement are not

3    exempt from the provisions and burdens of establishing good cause to carry a concealed weapon,

4    but the good/just cause has been established by virtue of their former occupation.  Defendants'

5    reading of these statutes includes the understanding that because of the peril in which individuals

6    in law enforcement are placed in arresting, prosecuting and incarcerating criminals, and the

7    exposure to threats of retaliation, and criminal acts by those so dealt with by law enforcement,

8    that "just cause" or "good cause" to carry a concealed weapon is thereby established.  It is not, as

9    Plaintiffs appear to argue, that persons in the law enforcement field have no just cause or are not

10   required to show just cause, or are not subject to or exposed to threats to their safety and security

11   in society after retirement, but that by virtue of their occupation, the just cause is created and

12   patently exists.

13        Plaintiffs use the holdings in Silveira v. Lockyer, 312 F.3d 1052 (9th Cir. 2002) as

14   support for their position.  However, Silveira's holding is limited to its application to the

15   possession of *semi-automatic/assault weapons* by retired peace officers. The Silveira holding

16   has no applicability to the Plaintiffs' claims in this case, except to affirm that the Second

17   Amendment to the United States Constitution affords to the states a collective right to maintain

18   effective state militias, as well as to affirm that Plaintiffs have no constitutional right to own or

19   possess firearms. Silvera, 312 F.3d at 1088.   Silveira does not establish that the exemption for

20   retired peace officers and other law enforcement officials to carry concealed weapons is

21   unconstitutional, nor that the requirement that citizens desiring to carry concealed weapons

22   establish good cause to do so, is in violation of a citizen's Fourteenth Amendment rights to equal

23   protection.

24        The court has already ruled on the constitutionality of the California Penal Code Sections

25   in the ruling it issued herein on Defendants Lockyer and Rossi's 12(b)(6) motion to dismiss on

26   September 2, 2004 at pages 10 - 12.  Based upon this court's previous ruling, this issue is

27

28

LONGYEAR, O'DEA
& LAVRA, LLP
3620 American River
Drive, Suite 230
Sacramento,   CA
95864
(916) 974-8500

**REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

1    rendered moot, and Plaintiff's **Second** Cause of Action should be dismissed.

2              **REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR**

3                                    **SUMMARY JUDGMENT**

4              In order to oppose Defendants' Motion for Summary Judgment, Plaintiffs must set forth

5    material facts which create a genuine issue for trial. Plaintiffs are required to set forth "specific

6    facts" showing that there is a genuine issue requiring trial. See <u>Beard v. Banks</u>, 126 S.Ct. 2572,

7    2578, 165 L.Ed.2d 697 (2006). If Plaintiffs are unable to make the required showing, the law

8    requires entry of judgment in favor of the moving party. <u>Id</u>. In addition, the "facts" promulgated

9    by the opposing party must be admissible in evidence. FRCP 56(e). Plaintiffs' opposition has

10   failed to set forth any material factual disputes based upon any admissible evidence.

11             Plaintiffs have abandoned their **First, Fourth** and **Sixth** causes of action and have

12   submitted no opposition to Defendants motion on these claims. See Opposition, pg. 1:22-2:10.

13   Plaintiffs also concede that their **Fifth** cause of action pertaining to the Second and Ninth

14   Amendment claims has no merit in this action and have presented argument merely to preserve

15   issues for appeal purposes.

16             A.    <u>**Plaintiffs Have No Standing and Lack Cause**</u>

17                   1.    **Plaintiffs Lack Standing**

18             Plaintiffs have provided no factual or legal basis in opposition Defendants' Motion for

19   Summary Judgment based upon standing. Plaintiffs do not even address this issue in their

20   opposition. It is Plaintiffs' burden to establish that they indeed have standing. <u>FW/PBS, Inc. v.</u>

21   <u>Dallas</u>, 493 U.S. 215, 231, 107 L.Ed. 2d 603, 110 S.Ct. 596 (1990); <u>Warth v. Seldin</u>, 422 U.S.

22   490, 508, 45 L.Ed. 2d 343, 95 S.Ct. 2197 (1975). Plaintiffs cannot trace any "injury" to any

23   unconstitutional act by any Defendant. Plaintiffs' applications for CCW permits were denied for

24   legal, non-discriminatory reasons. Notwithstanding, even if some CCW policy of Defendants'

25   could conceivably be found unconstitutional, the undisputed facts establish that Plaintiffs were

26   denied permits, not by Defendant Blanas, but by others in the Department for valid reasons

27

28

LONGYEAR, O'DEA & LAVRA, LLP
3620 American River Drive, Suite 230
Sacramento, CA 95864
(916) 974-8500

**REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

1  having no connection whatsoever to the alleged policy regarding campaign contributions and

2  CCW permits.

3  **2.    No Proximate or Legal Cause Exists**

4  The Plaintiffs must establish proximate or legal causation, linking the alleged injury with

5  the alleged wrongful conduct.  Plaintiffs must show that Defendants either personally

6  participated in conduct which deprived them of a federally protected right, or that they caused

7  the deprivation of that right to occur.  See <u>Arnold v. International Business Machines Corp</u>., 637

8  F.2d 1350 (9th Cir. 1981).  Plaintiffs have alleged that they were deprived of a CCW permit by

9  Defendants because they did not contribute to the Sheriff's political election campaign, and that

10  had they done so, they would have been granted permits.  However, Plaintiffs' applications were

11  denied based upon legitimate reasons which had no bearing on whether or not campaign

12  contributions were or were not made.  As set forth in the moving papers and more specifically

13  below, the material facts which bear directly on the reasons for the denial of CCW permits to

14  Plaintiffs are undisputed.  There is no causal connection between the allegations made and the

15  actual reasons for denial, and Plaintiffs supply no evidence to the contrary.

16  **B.    <u>Timothy Twomey's Declaration Fails to Raise a Triable Issue of Fact and Should Be Stricken</u>**

17
18  Plaintiffs have submitted the declaration of Timothy Twomey in an attempt to raise a

19  triable issue of material fact.  Defendants have moved to strike this declaration and have

20  interposed objections to it for a number of reasons, most significantly that Twomey is not an

21  expert witness at all when it comes to the issuance of CCW permits.

22  However, even considering Twomey's statements at face value, his testimony does not

23  raise a triable issue on the claims of Mehl and Lau for the following reasons:

24  1.    Twomey does not, and can not, factually dispute that Lau's application and

25  appeal were denied for the reasons set forth by Mr. Harris and the Evaluation Committee

26  members;

27  2.    Twomey does not, and can not, dispute that Mehl never provided to the

28

LONGYEAR, O'DEA
& LAVRA, LLP
3620 American River
Drive, Suite 230
Sacramento,  CA
95864
(916) 974-8500

**REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Page 4

1  Department any reasons why he needed a CCW permit, and his attempted application was

2  denied only after Mehl did not provide the information to the Department;

3      3.    Even though he has no experience, knowledge, or training on the good cause

4  requirement for issuance of  CCW permits, Twomey does not and can not, identify a single

5  individual, campaign contributor or not, who received a CCW without a showing of good cause;

6      4.    Twomey has not disputed that the Department employees who dealt with

7  Plaintiffs' applications had no input, direction, or advice from Sheriff Blanas, or any elected

8  Sheriff, on whether to approve or deny Plaintiffs for CCW permits;

9      5.    Twomey has not, and can not, dispute that the Department employees who acted

10  on Plaintiffs' applications knew whether Plaintiffs were campaign contributors to a Sheriff;

11      6.    Twomey does not dispute that any campaign contributor to Blanas' campaign

12  who was issued a CCW permit was known to be a contributor to the campaign by those who

13  evaluated their application, at the time or before the permit was issued;

14      7.    Twomey does not dispute that persons who contributed to the Sheriff's campaign

15  were denied CCW permits; and

16      8.    Twomey does not dispute that a standard procedure was in place for review,

17  issuance, and appeal of denials, and that Plaintiffs were subject to this procedure just like

18  everyone else. During Sheriff Blanas' 8 years as Sheriff of Sacramento County, he personally

19  approved a few CCW permits based upon exigent circumstances or immediate threats to the

20  individual upon good cause, of which he was made aware.  When these permits were approved

21  for good cause, each individual was required to file a formal application, to receive clearance

22  from the Department of Justice, and range approval.

23      In essence, Twomey states that some individuals who appear on lists of campaign

24  contributors, at some point in time, received a CCW permit.  The fact that someone contributed

25  to a campaign and at some point was issued a permit is not unlawful, unconstitutional, or a

26  violation of Department policy.  Persons who contribute to any election have the same right to

27  apply for a CCW permit as any other citizen.

28

LONGYEAR, O'DEA & LAVRA, LLP
3620 American River Drive, Suite 230
Sacramento, CA 95864
(916) 974-8500

**REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Page 5

1    **C.    Plaintiff Mehl's Declaration**

2    Plaintiff Mehl submits his declaration in opposition to Defendants' motion for summary

3    judgment and therein states that, "I was never contacted by any Sheriff's department official to

4    finish the application process either in writing, person, or by phone, as I specifically

5    demanded...."   There is no disputable fact with respect to the Department having contacted Mr.

6    Mehl regarding his incomplete application.  In fact, Mr. Mehl *personally produced* at his

7    deposition a copy of the letter sent to him by Chief Denham, in which Chief Denham instructed

8    him to provide the Department with his good cause for requesting a CCW permit, and also in

9    which Chief Denham informed him he would not be charged for the re-filing of his application.

10   (See Declaration of Jeri L. Pappone, Exhibit B.)  This letter, and Mr. Mehl's deposition

11   testimony is contrary to paragraphs 7, 8, 9, 11, 13, and 16 of the declaration he submits in

12   opposition to Defendants' motion.  Mr. Mehl testified that although he received the letter from

13   Chief Denham, he did not respond to it, nor contact anyone at the Department upon receipt of

14   the denial letter for an appeal.  (Declaration of Jeri L. Pappone, Exhibit B.)

15   A party cannot create a genuine issue of fact sufficient to survive summary judgment

16   simply by contradicting his or her own previous sworn statement (by, say, filing a later affidavit

17   that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction

18   or attempting to resolve the disparity.  Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 806

19   (U.S. 1999).

20   Plaintiff Mehl has submitted no factual evidence sufficient to create a genuine issue for

21   trial that controverts that he never completed his application and never submitted his reasons for

22   requesting a CCW permit to the Sheriff's Department, even after being asked to do so.

23   Plaintiffs' opposition sets forth no facts which dispute Defendants' factual evidence that this was

24   the reason Mr. Mehl's application was denied, nor do Plaintiffs submit any factual evidence that

25   the reason Mr. Mehl's application was denied was a "false" reason.

26   **D.    Plaintiff Lau's Declaration**

27   The only factual assertion Plaintiff Lau states in his declaration which may be germane to

28

LONGYEAR, O'DEA
& LAVRA, LLP
3620 American River
Drive, Suite 230
Sacramento,  CA
95864
(916) 974-8500

**REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

1  the issues of this lawsuit is at paragraph 7, that, "at no time did the FBI ever restrict my access or

2  use of firearms."  Defendants have not asserted that Mr. Lau is restricted from owing firearms,

3  nor that he is prevented from having firearms in his home or place of business.  Defendants were

4  provided the information by Plaintiff Lau as contained in the Exhibits to C. Scott Harris Jr.'s

5  Declaration.  Within that information provided by Mr. Lau is documentation stating that, "[I]n

6  the fall of 1996, Lau's government vehicle and gun were taken from him due to a medical

7  mandate related to Lau's sleep apnea -- a sleeping disorder he was diagnosed with some two

8  years earlier."  (See Declaration of Jeri L. Pappone, Exhibit C.)  In Mr. Lau's deposition, taken

9  on December 13, 2006,  he testified that he suffers from major depression, PTSD and severe

10  sleep apnea, and is and has been disabled because of those conditions for more than six years

11  prior to his deposition testimony.  (See Declaration of Jeri L. Pappone, Exhibit D.)

12      Plaintiff Lau's declaration does not dispute any of the material facts upon which

13  Defendants base their motion for summary judgment.  Plaintiff has no evidence that any member

14  of the Evaluation Committee or Chief Harris knew if he had or had not contributed to the

15  Sheriff's political campaign, nor any evidence to establish that campaign contributions were ever

16  considered by members of the Sheriff's Department when CCW permit applications were

17  reviewed.  Plaintiff Lau presented no admissible evidence of facts which show the reasons upon

18  which his application was denied were "false" reasons or reasons which violated his

19  constitutional rights.

20      **E.     Edwin Gerber**

21      Plaintiffs persist in raising the issue of a CCW permit issued to Edwin Gerber.  Plaintiffs

22  also continue to supply the Court with only a misleading portion of the information regarding

23  this particular permit.  Plaintiffs have in their possession the entire file regarding Mr. Gerber's

24  permit, and know from that file that Mr. Gerber was physically attacked and received threats to

25  his life, but only color their presentation to the Court with the fact that the former Sheriff owns a

26  vacation home with Mr. Gerber.  See Declaration of Lou Blanas.  Plaintiffs have no evidence

27  that Mr. Gerber's permit was issued for other than good cause, but continue to attempt to

28

LONGYEAR, O'DEA
& LAVRA, LLP
3620 American River
Drive, Suite 230
Sacramento,  CA
95864
(916) 974-8500

**REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

diminish the good name of the former Sheriff by intimating some sort of impropriety.

**F.**     **Plaintiffs Have Failed to Dispute the Undisputed Material Facts Set Forth by Defendants**

As set forth in Defendants' Objections and Motion to Strike, Mr. Twomey's declaration fails to provide any factual evidence which disputes the undisputed material facts in Defendants' Motion.  No facts are provided by Plaintiffs which controvert the bases upon which each of the Plaintiffs' applications for CCW permits were denied, or provide admissible factual evidence that Plaintiffs' applications were denied for false reasons.  Plaintiffs, through their own declarations or through Mr. Twomey provide no factual evidence which creates a triable issue of material fact that Mr. Mehl's application was denied for any other reason than that it was incomplete or that Mr. Lau's application was denied for reasons other than those stated by the reviewers.

Mr. Mehl's declaration does not provide evidence that he completed his application and provided the information requested to justify the CCW permit.  He received communications from the Department requesting that he provide the information, and testified at his deposition to that effect.  He also testified at his deposition that he did not provide the information to the Department as requested in the correspondence he received from Chief Denham.  There is no dispute of these facts.  Mr. Mehl's application was never completed, and was therefore denied.

Mr. Lau's declaration, likewise, does not dispute the facts upon which Defendants' Motion is based.  Mr. Lau provided copious amounts of information to the Department, especially on appeal, which was reviewed by the Evaluation Committee and/or Chief Harris. The information Mr. Lau provided to the Department in conjunction with his application, as well as in his deposition testimony, confirms that Mr. Lau had disclosed that he had a pending lawsuit against the FBI, he had been arrested for shoplifting twice, that he was, at the time of his application, as well as currently, being treated for depression, Post Traumatic Stress Disorder and sleep apnea, that at one point the FBI stripped him of his car and gun and security clearance,

LONGYEAR, O'DEA
& LAVRA, LLP
3620 American River
Drive, Suite 230
Sacramento,   CA
95864
(916) 974-8500

**REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

that he had been terminated by the FBI in 2000, and that the FBI did not provide a letter on his behalf in support of his CCW permit application.  In addition, the documentation provided by Mr. Lau included more than one letter from the FBI stating that they had no information regarding any facts that would compromise Mr. Lau's safety.  (See Declaration of Jeri L. Pappone, Exhibit D.)  Plaintiff Lau does not and cannot dispute that he provided the documentation to Defendants  in connection with his CCW permit application which contained this information.  There is no dispute and cannot be any dispute that Mr. Lau's application was denied for any reasons other than those given by Defendants.

G.    **Plaintiffs' Additional Material Facts Do Not Raise a Triable Issue of Material Fact**

The undisputed material facts show that Plaintiffs' applications were denied based upon legitimate reasons, which did not violate any of their constitutional rights.  Mehl did not complete his application, and Lau was denied both initially and upon appeal based on many issues cited in documents he provided to the Department as set forth by Declarations of those who reviewed his application.  Plaintiffs have not produced any supported factual evidence that the reasons their applications were denied were false or other than what Defendants have attested to.

Plaintiffs have submitted a document entitled "Plaintiffs' Additional Material Facts in Support of Opposition". (Docket Number 158)   According to the local rules (56-260(b)) the opposition may file a "Statement of *Disputed* Facts," with the proper evidentiary support, establishing material facts as to which there is a genuine issue which would preclude summary judgment.  However, the purported "facts" in Plaintiffs' pleading are either argument, immaterial, irrelevant, unsupported, conclusory or misleading and/or actually false.

Paragraphs 1 through 44 purport to present facts.  However, they merely offer irrelevant information, speculation, conclusions, conjecture, suppositions and outright inaccuracies. Mr. Twomey has never served as the Detective in SIIB with the job of reviewing CCW permit applications, nor has he ever served on the Evaluations Committee to determine the issuance of

LONGYEAR, O'DEA
& LAVRA, LLP
3620 American River
Drive, Suite 230
Sacramento,  CA
95864
(916) 974-8500

**REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Page 9

CCW permits, or served as the appeals officer for denied applications.  Mr. Twomey was never a Sheriff or a Chief of Police to whom the California statutes grants the discretion for the issuance of CCW permits.  Mr. Twomey has no basis upon which to formulate opinions regarding the procedures, the law applied or the establishment of "good cause" according to California State statutes for the issuance of a CCW permit.

In paragraphs 44 through 88 Plaintiffs focus on singular portions of the Deposition of Amber Wong, senior records specialist for the Sacramento County Sheriff's Department, and the clerk in charge of maintaining and handling CCW permit applications and files.  Not one of these statements, whether accurately or inaccurately recorded by Plaintiffs, represent a material fact which has any consequence to Plaintiffs' claims, nor do any of these paragraphs create a genuine issue in order to defeat summary judgment.

Paragraphs 89 through 131 also contain many misleading and false and irrelevant statements.  For instance, Plaintiffs' insist on raising the circumstances surrounding the arrest by Deputy McAtee of an individual named James Colafrancesco.  Eight to ten years prior to Plaintiffs' CCW  applications, Mr. Colafrancesco was issued a CCW permit in 1994, which following his arrest in October of 1994, was revoked.  The records produced to Plaintiffs' counsel in this action show that Mr. Colafrancesco never contributed to Sheriff Blanas' or any Sheriff's campaign, and Plaintiffs' counsel has been informed through Mr. Colafrancesco's counsel, as well as through Mr. Colafrancesco's personal declaration under penalty of perjury, of this fact.  Plaintiffs' counsel persists in perpetuating falsehoods to the court in an attempt to bolster some sort of case against Defendants.  (See Declaration of Jeri L. Pappone, Exhibit A.)  All 42 of these paragraphs are irrelevant to Plaintiffs' claims.

In paragraphs 132 through180, Plaintiffs list various individuals whom they purport either gave campaign contributions to Sheriff Blanas, have a CCW permit, or purportedly had some other connection to Sheriff Blanas.  This is all irrelevant to Plaintiffs' claims.  Other than a handful of permits that were approved by Blanas during his tenure, subject to the applicant meeting the requirements of the Penal Code, there is no evidence that Committee members knew

LONGYEAR, O'DEA & LAVRA, LLP
3620 American River Drive, Suite 230
Sacramento, CA 95864
(916) 974-8500

**REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Page 10

that a person contributed to a campaign or not.  There also is no evidence that any permit was

issued to anyone, campaign contributor or not, without good cause and without the person

clearing a criminal background check and range clearance.  Further, the undisputed evidence

shows that the individuals who evaluated Plaintiffs' applications had no knowledge of whether

or not Plaintiffs knew Sheriff Blanas or whether they had given to the Sheriff's election

campaign or not.  The Evaluations Committee members gave valid legal reasons for the denial

of each Plaintiff's application, which reasons were not in violation of any Constitutional or other

rights afforded these individuals.  These paragraphs of argument, conjecture, speculation and

other information, whether accurately presented or not, do not dispute the facts upon which

Defendants base their motion.

## CONCLUSION

The reams of paper filed by Plaintiffs are entirely irrelevant to the claims based upon

these Plaintiffs' applications for CCW permits. In addition, the unorganized, and voluminous

papers which Plaintiffs have imposed upon Defendants created an unreasonable burden in

attempting to organize and determine what exhibits, some unlabeled, belonged to which

documents. The waste involved is atrocious.  However, after a concerted dig through all that

Plaintiffs have filed, there is no factual, admissible evidence which disputes the material facts

Defendants have presented, or which show any violation of the Constitutional rights of these

Plaintiffs.

Plaintiffs' claim in this action is that "CCW permits were summarily granted to

campaign contributors," and that if Plaintiffs had likewise contributed, they would have been

granted the CCW permits they desired.   The undisputed evidence submitted by Defendants

shows that campaign contributions were not even known, much less considered in evaluating

CCW applications; many individuals who wanted CCW permits and had contributed to Sheriff

Blanas' election campaign were declined permits; many individuals who did not contribute to

Sheriff Blanas' campaign were granted permits; Sheriff Blanas had no knowledge of Plaintiffs

and played no part in the evaluation of their applications; and Plaintiffs were denied CCW

LONGYEAR, O'DEA
& LAVRA, LLP
3620 American River
Drive, Suite 230
Sacramento,   CA
95864
(916) 974-8500

**REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Page 11

1    permits based upon valid, legal reasons which had nothing to do with campaign contributions.

2    Finally, Plaintiffs have no constitutional right to a CCW permit or even the right to own or

3    possess weapons.

4           Plaintiffs have abandoned their First Cause of Action based on race/national origin, have

5    conceded that the Ninth Circuit does not recognize their claims brought under the Second or

6    Ninth Amendments to the Constitution (as related to their Fourth and Sixth Causes of Action),

7    and, as this court determined in its order of September 2, 2004 at page 15, "Denying Plaintiffs

8    the right to carry a concealed firearm does not constitute a violation of the Privileges and

9    Immunities Clause" (Plaintiffs' Fifth Cause of Action).  Finally, Plaintiffs have no factual

10   support to their allegation that CCW permits were issued by the Defendants based upon an

11   applicant's political campaign contributions, or that even if such were the case, that Plaintiffs

12   were denied CCW permits on that basis.  Therefore, Defendants respectfully request judgement

13   entered in their favor.

14   DATED:  November 30, 2007.                    LONGYEAR, O'DEA & LAVRA, LLP

15                                                 /s/ Jeri L. Pappone
                                           By_____
16                                                 JOHN A. LAVRA
                                                   JERI L. PAPPONE
17                                                 Attorneys for Defendants
                                                   Sacramento County
18                                                 Lou Blanas

19

20

21

22

23

24

25

26

27

28

LONGYEAR, O'DEA
& LAVRA, LLP
3620 American River
Drive, Suite 230
Sacramento,    CA
95864
(916) 974-8500

**REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Page 12