LAW OFFICES OF GARY W. GORSKI
8549 Nephi Way
Fair Oaks, CA  95628
Telephone:    (916) 965-6800
Facsimile:    (916) 965-6801
usrugby@pacbell.net
www.gwgorski.com
GARY W. GORSKI - CBN:  166526
Attorney for Plaintiff

Co-Counsel
DANIEL M. KARALASH - SBN: 176422
(916) 787-1234
(916) 787-0267

THE UNITED STATES DISTRICT COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID K. MEHL; LOK T. LAU ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> LOU BLANAS, individually and in his ) <br> official capacity as SHERIFF OF ) <br> COUNTY OF SACRAMENTO; ) <br> COUNTY OF SACRAMENTO, ) <br> SHERIFF'S DEPARTMENT; ) <br> COUNTY OF SACRAMENTO; BILL ) <br> LOCKYER Attorney General, State of ) <br> California; RANDI ROSSI, State ) <br> Firearms Director and Custodian of ) <br> Records. ) <br>               Defendants       ) | CASE NO.: CIV S 03 2682 MCE/KJM <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES AND <u>COUNTER MOTION FOR SUSPENSION OF MOTION PURSUANT TO RULE 78-230(e)</u>** <br><br> Date: April 17, 2008 <br> Time: 9:00 a.m. <br> Ctrm: 3 <br> Judge: Honorable Morrison C. England, Jr. |

      In a nutshell, Defendants have brought a Motion for Attorney's Fees for the mere fact that they were the "prevailing party" in a federal civil rights action.  When Congress enacted the various attorney's fees provisions of the 1964 Civil Rights Act, it was not for the purpose of chilling citizen's challenges to Government's abridgement of our civil liberties; just the opposite, it was to give civil rights attorney's an incentive to accept cases in which actual damages may be minimal but the underlying cause noble in order to protect and maintain the essence of the Bill of Rights and the United States Constitution.

      The standard by which a motion is judged in under *Rule 11*.  As such, if the action was frivolous, then it should have been dismissed with this Court's original ruling on Defendants *Rule 12(b)(6)* motion; however, it was not and thus lending credence to the suits validity.  Defendants

1 | bring their motion for the sole purpose to annoy and harass Plaintiff.

**ARGUMENT**

    A    DEFENDANTS MOTION SHOULD BE SUSPENDED/STAYED UNTIL THE APPEAL ON THE MERITS OF THE JUDGMENT ARE RESOLVED

> .... revised rule 58 provides a mechanism by which prior to appeal the court can suspend the finality to resolve a motion for fees. If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may *defer* its ruling on the motion, or may *deny* the motion without prejudice, directing under subdivision (d)(2)(B) a mew period for filing after the appeal has been resolved.

*Fed. R. Civ. P., Rule 54*, 1993 Advisory Committee Notes, Paragraph (2).

It is Plaintiff's position that Defendants Motion for Attorney's Fees should be stayed or dismissed with prejudice pending the outcome of the appeal. This would further the court's inherent interest in conserving judicial resources.

This, especially in light of the fact that the U.S. Supreme Court thought the same issues raised under the Second Amendment in this case were significant enough to be grant *certiorari* in a similar case *District of Columbia v. Heller*, 07-290 (the DC handgun ban case) to resolve the obvious conflict among the Circuits in general, as well as the judges sitting on the 9th Circuit bench. See *Silveira v. Lockyer*, 312 F.3d 1052 (9th Cir.)(Reinhardt, J), rehearing en banc denied, 328 F.3d 567 (9th Cir. 2003)(six dissents).

In addition, if the 9th Circuit overturns the judgment, it would negate Defendants position that the suit was frivolous and thereby affect this court's determination as to the merits of the fee award.

In conclusion, Plaintiff respectfully request this court to suspend the proceedings, or in the alternative, dismiss the motion with prejudice pending the outcome of the appeal.

    B.    IN THE ALTERNATIVE, DEFENDANTS ARE NOT ELIGIBLE FOR AN AWARD OF ATTORNEY'S FEES UNDER STATUTE.

In *Christianburg Garment Co. V. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), the United States Supreme Court concluded that attorney's fees may *only* be awarded to a prevailing Defendant in an Section 1983 action if the suit was brought to accomplish a collateral

purpose such as delay or harassment.  In essence, Defendants must prove that the action was meritless, unfounded, unreasonable, frivolous, or brought for vexatious purposes.  *Id.*

Defendants have presented no evidence that the suit was brought for a *collateral purpose*. To the contrary, Plaintiffs produced a retained expert witness whose declaration went uncontested, and demonstrated probable cause for bringing this action.

The record is replete with facts demonstrating probable cause for Plaintiff's to bring this action that Defendant Blanas, while granting CCWs to his wealthy and influential contributors for the flimsiest of reasons, even in the face of written applications wherein the applicant admits he faces no threat, or wants to protect his property against vandalism, Defendant Blanas has allowed those on the CCW panel that approves or denies CCW permits to deny those who really require the ability to protect themselves; time, after time, after time. Twomey Decl. ¶s 82-306.

This idea that the Sheriff never gets involved with the issuance of CCWs, or that there is this strict procedure of review falls to the way side by simply reviewing Twomey Exhibit "G". Twomey Decl. ¶s 89-99.

As Lt. Twomey (Ret.) states in his declaration, after reviewing thousands of pages of documents, including approved and denied CCW applications, and as comparison between Plaintiffs' Exhibits "D, E, F, and P" demonstrate, there is no continuity as to who is approved a CCW and who is denied. However, when the applications are compared after adding information from campaign contribution records (Exhibit O), the results are clear – the more money a CCW applicant gives, the greater the chance of an applicant obtaining a CCW. And, if you just happen to own a house with the Sheriff, Defendant Blanas will accept an oral application and bypass the normal protocols for issuance.

In sum, the concurrently filed Request for Judicial Notice of the Declaration of Expert Witness Lt. Timothy G. Twomey (Retired) demonstrates that this action was brought with probable cause.  Reliance on this expert alone provides for substantial justification for bringing the action.

Moreover, Defendants provided no "safe harbor" as required under Rule 11, and raised the now novel issues on a motion for attorney fees to annoy and harass.

## **CONCLUSION**

Plaintiffs request that Defendants motion be dismissed with prejudice and/or issue an order denying Defendants motion for Attorney's Fees as Plaintiffs acted in good faith and with substantial justification.

DATED:  April 4, 2008                                    Respectfully submitted,
                                                                          /s/Gary W. Gorski
                                                                         GARY W. GORSKI,
                                                                         Attorney for Plaintiff.