LONGYEAR, O'DEA & LAVRA, LLP

3620 American River Drive, Suite 230
Sacramento, California 95864-5923

Tel: 916-974-8500 Fax: 916 974-8510

John A. Lavra, CSB No. 114533
Jeri L. Pappone, CSB No. 210104

Attorneys for Defendants, LOU BLANAS, as SHERIFF OF COUNTY OF SACRAMENTO; COUNTY OF SACRAMENTO, SHERIFF'S DEPARTMENT; COUNTY OF SACRAMENTO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID K. MEHL, LOK T. LAU, and FRANK FLORES,<br><br>         Plaintiffs,<br><br>vs.<br><br>LOU BLANAS, individually and in his official capacity as SHERIFF OF COUNTY OF SACRAMENTO; COUNTY OF SACRAMENTO, SHERIFF'S DEPARTMENT; COUNTY OF SACRAMENTO; BILL LOCKYER, Attorney General, State of California; RANDI ROSSI, State Firearms Director and Custodian of Records<br><br>         Defendants | **CASE NO.:   CIV S-03 -2682 MCE KJM**<br><br>Date:  April 17, 2008<br>Time:  9:00 a.m.<br>Ctrm:  3<br>Judge:  Honorable Morrison C. England, Jr.<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR ATTORNEYS' FEES**<br><br>[L.R. 54-293] |

Defendants' motion for attorneys' fees was brought before this court in accordance with Eastern District Local Rule 54-293, which provides that the prevailing parties may move within thirty days of the entry of the final judgment for an award of attorneys' fees. The subject motion is to be governed by Local Rule 78-230.

**Plaintiffs' Opposition Was Untimely and Should be Disregarded by the Court.**

This court entered final judgment in this matter on February 5, 2008. Defendants' filed

the subject motion for an award of attorneys' fees as the prevailing party and for sanctions on March 5, 2008, for an April 17th hearing date, giving Plaintiff 42 days' notice. According to Local Rule 78-230, Plaintiffs' opposition, if any, was due to be mailed or electronically served seventeen (17) days prior to the hearing date, which was on or before March 31, 2008. Plaintiffs did not file or serve any opposition by that date. Alternatively, Plaintiffs could have personally served their opposition fourteen (14) days prior to the hearing date, or by 5:00 p.m. on April 3, 2008. Plaintiffs did not file or serve any opposition by that date.

As has been the pattern and practice of Plaintiffs' throughout this case, at 10:46 p.m. on a Friday night, April 4, 2008, Plaintiffs electronically filed an opposition to Defendants' motion, which, of course, Defendants did not receive until the following Monday during business hours. This opposition was untimely, and Defendants request that the Court disregard the opposition.

In addition, on Monday, April 7, 2008, Plaintiffs' electronically filed a copy of a purported Declaration of Timothy Twomey in support of their opposition (in which it appears that the signature of Mr. Twomey had been cut from another document and pasted onto the last page of this declaration). Likewise, the submission of this declaration was untimely and Defendants request that it also be disregarded by the Court.

Rule 78-230 (c) also states that no party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. Therefore, Defendants request in addition that Plaintiffs' not be permitted to argue at the hearing on this motion.

**Defendants Request this Court to Rule on the Motion for Attorneys' Fees and Sanctions Without Delay**

Plaintiffs have requested that this court either stay proceedings with respect to Defendants' motion for attorneys' fees and sanctions pending the outcome of Plaintiffs' appeal or dismiss the motion with prejudice. The cited comments state that the court may rule on a motion for fees, defer ruling, or dismiss the motion ***without*** prejudice. Plaintiffs, however, request the court to dismiss Defendants' motion with prejudice. Defendants request that the

LONGYEAR, O'DEA
& LAVRA, LLP
3620 American River
Drive, Suite 230
Sacramento, CA
95864
(916) 974-8500

Reply to Plaintiffs' Opposition to Motion for Attorneys' Fees

Page 2

court make its ruling on the motion for fees and sanctions, and if a judgment is entered against Plaintiffs and/or their counsel as a result, Plaintiffs may move according to Federal Rules for a stay on the execution of any such judgment pending the outcome of the appeal.

Plaintiffs citation to the cases of <u>Silveira v. Lockyer</u>, 312 F.3d 1052 (9th Cir. 2003) and <u>District of Columbia v. Heller</u>, 07-290, have no value in supporting the appeal in this case and giving merit to the underlying action. As Plaintiffs have been repeatedly advised during these proceedings, the Second Amendment has no bearing on the current litigation. Even if the Supreme Court rules in the <u>Heller</u> case that individuals have the right under the Second Amendment to possess a gun for self-protection in their homes (which is the matter under consideration), that ruling would have no bearing on the case at hand. The Sacramento County Sheriff has the authority to determine the issuance of Carry Concealed Weapon permits within this County. Neither the ruling in <u>Silveira</u> nor a permissive ruling in <u>Heller</u> changes that authority. In addition, neither case has any bearing on the issue of Plaintiffs' standing to bring suit in this case, or the basis upon which Mr. Lau was denied a CCW permit.

Defendants therefore request that their motion proceed as calendared and that the court rule on the motion at this time.

**Plaintiffs' Argument that Defendants are not Eligible for an Award of Attorneys' Fees is Without Merit and Use of the Declaration of Mr. Twomey is Disingenuous**

The <u>Christiansburg Garmet</u> court ruled as follows:

> A district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII of the Civil Rights Act of 1964 case upon a finding that the plaintiff's action was ***frivolous, unreasonable, or without foundation***, even though not brought in subjective bad faith.

<u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412 (U.S. 1978)[Emphasis added.]

Plaintiffs suggest that Defendants presented no evidence that this lawsuit was brought for a collateral purpose. However, overwhelming evidence has been presented to the court and it is evident from the records in this case that Plaintiffs brought this case to harass, annoy, and embarrass the former Sheriff and the Sheriff's Department, as well as to gain media publicity for

LONGYEAR, O'DEA & LAVRA, LLP
3620 American River Drive, Suite 230
Sacramento, CA 95864
(916) 974-8500

Reply to Plaintiffs' Opposition to Motion for Attorneys' Fees

Page 3

that purpose. For what other reason would the media have been invited to the former Sheriff's deposition, would copies of confidential documents be submitted to the newspaper reporters, would reporters go to the personal residences to attempt interviews of the former Sheriff's supporters or friends, would copies of deposition transcripts and video being given to reporters, if not for a collateral purpose. Plaintiffs were cautioned by this court in its order of March 22, 2007, on the protective order, against involving the media in the litigation, but to no avail.

Plaintiffs also assert that the Declaration of Tim Twomey was "uncontested" and had evidentiary merit. When Twomey's Declaration was filed with Plaintiffs' opposition to Defendants' motion for summary judgment, Defendants not only filed a motion to strike Mr. Twomey's declaration, but also filed 107 objections to the declaration. This is hardly uncontested. The motion to strike and objections apply as well to the current usage of this declaration by Plaintiffs. Mr. Twomey's declaration is irrelevant to these proceedings.

Plaintiffs have suggested that if their case lacked credence and validity, it should have been dismissed on a Rule 12(b)(6) motion. As soon as Plaintiffs' depositions were taken, Defense counsel questioned the merit of the case and wrote a letter to Plaintiffs' counsel advising them, inter alia, that the litigants had no standing to bring suit and requesting that the case be dismissed. Plaintiffs' counsel never even shared the contents of that letter with Plaintiffs. Therefore, Defendants were required to move for summary judgment.

**Plaintiffs Have Not Opposed the Law or Facts Presented in Defendants' Motion**

The opposition ultimately filed by Plaintiffs - late as it was- does not address the facts or law presented in Defendants' motion, but only suggests that Defendants have brought the motion to annoy or harass Plaintiffs. Plaintiffs have failed to counter a single argument raised by Defendants. This case has been a sham from day one, and has cost the County dearly to defend. Plaintiffs and their counsel should not be permitted to walk away scot free.

**Conclusion**

Therefore, based upon the motion and supporting documents, Defendants request that

LONGYEAR, O'DEA & LAVRA, LLP
3620 American River Drive, Suite 230
Sacramento, CA 95864
(916) 974-8500

Reply to Plaintiffs' Opposition to Motion for Attorneys' Fees

Page 4

this court enter an award for attorneys' fees on the County's behalf and against Plaintiffs, and award sanctions as the court deems appropriate against Plaintiffs' counsel.

                Respectfully submitted,

Dated: April 10, 2008        LONGYEAR, O'DEA & LAVRA, LLP

                /s/ Jeri L. Pappone
By_____
    JOHN A. LAVRA
    JERI L. PAPPONE
    Attorneys for Defendants

LONGYEAR, O'DEA
& LAVRA, LLP
3620 American River
Drive, Suite 230
Sacramento, CA
95864
(916) 974-8500

Reply to Plaintiffs' Opposition to Motion for Attorneys' Fees

Page 5