1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID K. MEHL, LOK T. LAU and      No. 2:03-cv-02682-MCE-KJM
     FRANK FLORES,
12
              Plaintiffs,
13
         v.                             MEMORANDUM AND ORDER
14
     LOU BLANAS, individually and in
15   his official capacity as SHERIFF
     OF COUNTY OF SACRAMENTO; COUNTY
16   OF SACRAMENTO; SHERIFF'S
     DEPARTMENT; COUNTY OF
17   SACRAMENTO; BILL LOCKYER,
     Attorney General, State of
18   California; RANDI ROSSI, State
     Firearms Director and Custodian
19   of Records,

20            Defendants.

21                      ----oo0oo----

22

23        Currently before the Court is Defendants' Motion for

24   Attorneys' Fees and Sanctions, filed pursuant to 42 U.S.C. § 1988

25   and 28 U.S.C. § 1927, and Plaintiffs' Motion to Suspend the

26   current proceedings pending its appeal to the Ninth Circuit.

27   Defendants' Motion is denied, rendering Plaintiffs' Motion moot.

28   ///

                                1

1

**BACKGROUND**

2

3       The relevant facts appear in the Court's February 5, 2008

4  Order.  Those facts are incorporated by reference herein.  In

5  that Order, this Court found that both Plaintiffs lacked standing

6  to bring this suit and granted Defendants' Motion for Summary

7  Judgment.  Defendants now seek to recover attorneys' fees from

8  Plaintiffs and seek sanctions against Plaintiffs' counsel.

9

10                              **ANALYSIS**

11

12      Defendants request attorneys' fees in the amount of

13  $199,491.50 pursuant to 42 U.S.C. § 1988, which allows district

14  courts to award such fees to parties that prevail in actions

15  brought under 42 U.S.C. § 1983.  Section 1988 states in pertinent

16  part, "In any action or proceeding to enforce a provision of

17  ...section...1983...the court, in its discretion may allow the

18  prevailing party...a reasonable attorney's fee as part of the

19  costs..."  42 U.S.C. § 1988(b).

20      "42 U.S.C. § 1988's authorization of an award of attorneys'

21  fees applies differently to prevailing defendants than to

22  prevailing plaintiffs.  Plaintiffs prevailing in a civil rights

23  action should ordinarily recover an attorneys' fee unless special

24  circumstances would render such an award unjust, but a defendant

25  should be awarded fees not routinely, not simply because he

26  succeeds, but only where the action brought is found to be

27  unreasonable, frivolous, meritless or vexatious."

28  ///

2

1  Mayer v. Wedgewood Neighborhood Coal., 707 F.2d 1020, 1021 (9th

2  Cir. 1983) (internal citations and quotations omitted).  Since

3  Defendant brings this Motion for fees, the pressing issue is

4  whether Plaintiffs' claims rose to the level of "unreasonable,

5  frivolous, meritless, or vexatious."

6       The United States Supreme Court elaborated on this standard

7  in Christiansburg Garment Co. v. Equal Employment Opportunity

8  Commission:

9           [T]he term "meritless" is to be understood as meaning
            groundless or without foundation, rather than simply
10          that the plaintiff has ultimately lost his case,
            and...the term "vexatious" in no way implies that the
11          plaintiff's subjective bad faith is a necessary
            prerequisite to a fee award against him.  In sum, a
12          district court may in its discretion award attorney's
            fees to a prevailing defendant...upon a finding that
13          the plaintiff's action was frivolous, unreasonable, or
            without foundation, even though not brought in
14          subjective bad faith.

15  434 U.S. 412, (1978) (addressed Title VII claims, but standard

16  later applied to § 1983 claims in Hughes v. Rowe, 449 U.S. 5, 14-

17  15 (1980)).  Furthermore, "[a]n action becomes frivolous when the

18  result appears obvious or the arguments are wholly without

19  merit."  Galen v. County of Los Angeles, 477 F.3d 652, 666 (9th

20  Cir. 2007) (citing Christianburg, 434 U.S. at 422; Hughes, 449

21  U.S. at 14-15).

22       Defendant argues that Plaintiffs' claims were wholly lacking

23  in merit, that Plaintiffs' counsel knew or should have known of

24  that fact, and that, despite the frivolous nature of the claims,

25  Plaintiffs' counsel involved the FBI and the media in a campaign

26  to harass the former sheriff.  Defendant argues that Plaintiffs'

27  case was frivolous because this Court determined that Plaintiffs

28  lacked standing.

3

1  However, this Court's finding "does not render [Plaintiffs]

2  case[s] per se frivolous, unreasonable, or without foundation."

3  <u>Galen</u>, 477 F.3d at 667.  Indeed, the Supreme Court cautioned

4  against relying on such faulty reasoning when it stated, "[I]t is

5  important that a district court resist the understandable

6  temptation to engage in *post hoc* reasoning by concluding that,

7  because a plaintiff did not ultimately prevail, his action must

8  have been unreasonable or without foundation.  This kind of

9  hindsight logic could discourage all but the most airtight

10  claims, for seldom can a prospective plaintiff be sure of

11  ultimate success."  <u>Christianburg</u>, 434 U.S. at 421-422.

12      This Court is not willing to find that the outcome of the

13  case was "obvious," simply because the Court rendered a decision

14  in Defendants' favor over four years after the action was

15  initiated.  The end result was that Plaintiffs lacked standing,

16  but the only way to reach that conclusion was for the parties to

17  litigate the issue.

18      Finally, Defendants make numerous allegations in their

19  current Motion that Plaintiffs' pursuit of this action served

20  only to harass Defendants.  These allegations are without any

21  actual support in the record and, therefore, do not establish

22  that Plaintiffs' claims were vexatious.

23      Defendants' Motion for Attorneys' Fees is therefore Denied.

24  Because the Court finds that Defendants are not entitled to

25  attorneys' fees, Plaintiffs' counsel cannot be jointly and

26  severally liable for such fees pursuant to 28 U.S.C. § 1927.

27  ///

28  ///

4

Additionally, this Court will not independently sanction Plaintiffs' counsel as there is no evidence in the record indicating that counsel "unreasonably and vexatiously" multiplied the proceedings.  28 U.S.C. § 1927.  Therefore, Defendants' Motion for Sanctions is denied as well.  The Court's disposition of Defendants' Motion renders Plaintiffs' Motion moot.

**CONCLUSION**

Defendants' Motion for Attorneys' Fees and Sanctions is DENIED.  Plaintiffs' Motion to Suspend Defendants' Motion Pending Appeal is DENIED as moot[1].

IT IS SO ORDERED.

Dated: May 1, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. Local Rule 78-230(h).

5